* M. YOUNG v. W. W. ROLLINS and others.

*Parties—Summons—Amendment.*

1. The refusal of the court below to grant plaintiff's motion to make an addi-tional party at chambers, in this case, where notice was served upon such party, but without giving notice of the intended motion to those al-ready defendants, is affirmed.

2. The additional defendant could have been brought in by summons regu-larly issued.

3. Whether the judge had the power to allow such amendment out of term time.—*Quære.*

MOTION heard at Chambers on August 29, 1883, in an action pending in McDOWELL Superior Court, before *Graves, J.*

* Mr. Justice MERRIMON having been of counsel, did not sit on the hearing of this case.

The plaintiff moved to make the Western North Carolina railroad company a party defendant. The motion was refused on the ground that the court had not the power to grant it, and the plaintiff appealed.

Messrs. *Hinsdale & Devereux* and *W. M. Robbins*, for plaintiff.
Messrs. *D. Schenck* and *Reade, Busbee & Busbee*, for defendants.

SMITH, C. J. This action was begun on February 10th, 1880, and the Western North Carolina railroad company, as now organized, formed on May 27th thereafter, upon the extinction of the preceding corporation of the same name. On August 17th, 1883, notice signed by counsel of the plaintiff was issued and two days later served upon the said company, of a motion to be made before the judge holding the courts of the district of which McDowell county is part, at Newton, in Catawba county, on the 29th day of that month, " to make the Western North Carolina railroad company a party defendant in the action," and to admit other plaintiffs.

At the time and place mentioned the company appeared and affidavits were submitted and read on its behalf, and in support of the motion to make the company a party defendant, when the following ruling was made :

The court doth adjudge that it has not power in this case to make the W. N. C. R. R. Co. a party defendant, and upon this ground the motion to make the W. N. C. R. R. Co. a party is refused.

From this judgment the plaintiff appeals.

We do not understand, as the appellant's counsel do, the application to be for *leave to issue a summons* and thus bring in the company, which is present before the judge upon notice, as an additional defendant, but to render the application *effectual at once by a judicial order operating upon the company.* Thus interpreted, and the repetition in very words contained twice in

the denying judgment indicates that the ruling was predicated upon the form of the motion, we concur in the refusal. That such was the view of His Honor in the peremptory and unexplained responsive action to the proposition, derives support from the fact that no notice was given to the defendants who were entitled to the information of the intended motion, while the company, which really had no interest in the matter until served with summons, did have such notice. Then the opinion of the court that it had no such power as was invoked, "*in this case*," does not seem to imply a total abnegation of a right to authorize the addition of new defendants by process sued out for them, unless the application be during the term of a court, since there is no suggestion that the refusal was upon that ground.

We do not decide upon the general question of the exercise of the right of allowing such amendment out of term time, the inconvenience of which will readily occur to any one, nor to the sufficiency of the reasons assigned for that now proposed, after such long delay, and when the only object seems to be to reach other assets which can as well be pursued in a separate action, the consideration of which belongs to the judge whose discretion is addressed and whose decision is not reviewable.

Our conclusion is that His Honor was right in denying the motion in the form assumed, as beyond his authority to grant it. If we misconstrue the ruling, the words used to express which are in such guarded and precise language, no harm can come to the plaintiffs, since they can renew the application in an unobjectionable form, and, indeed, if never allowed, a remedy is open to the receiver in a new and distinct suit against the company, charged with having obtained some of the assets of the defunct corporation which it succeeds. There is no error.

No error.                                    Affirmed.