A. P. PASK v. GIRARD CORBITT, GOLDEN EAGLE OF GREENS-BORO, INC., A CORPORATION, AND PEN AND PENCIL, INC.

No. 7518SC445

(Filed 17 December 1975)

1. **Notice § 1; Rules of Civil Procedure § 21— joinder of additional party defendant — notice to original defendant required**

   The trial court properly concluded that defendant Golden Eagle was entitled to notice and a hearing with respect to orders allowing

Pask v. Corbitt

plaintiff to amend her complaint and to add an additional party defendant.

**2. Notice § 1— right to notice**
    The right to notice and an opportunity to be heard on motions filed in a lawsuit is critically important to the non-movant and cannot be considered an insubstantial or inconsequential omission on the part of the movant and the court.

On *certiorari* by plaintiff from *Kivett, Judge.* Order entered 5 March 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 18 September 1975.

In her original complaint, filed 5 March 1974, plaintiff alleged that "on the morning of December 16, 1973, at approximately 12:40 a.m. while . . . attending a telephone workers' Christmas party . . . in the downstairs convention center of the defendant Golden Eagle[,] . . . the plaintiff, a female, was assaulted with intent to commit rape by . . . defendant Corbitt, a male, approximately 17 years old." Plaintiff further alleged that defendant Corbitt was an employee for Golden Eagle and that Golden Eagle was liable for the physical and mental injuries sustained by plaintiff under the doctrine of respondeat superior.

At the time of oral argument, service upon Corbitt had not been effected.

Golden Eagle's answer to the original complaint was filed 14 May 1974 and denied that it was Corbitt's employer and contended that the purported assailant was an employee of Pen and Pencil, Inc., a restaurant and catering concern leasing space from Golden Eagle. This information was also contained in answers of Golden Eagle to interrogatories propounded by plaintiff on 18 April 1974 and answered by Golden Eagle on 3 May 1974. Based on this information, plaintiff on 16 December 1974 moved to join Pen and Pencil and to amend her original complaint. The Assistant Clerk of the Superior Court of Guilford County entered ex parte orders on 16 December 1974 joining Pen and Pencil and allowing amendment of the original complaint.

Both Golden Eagle and Pen and Pencil filed motions to vacate the ex parte orders and to strike the amended portions of plaintiff's complaint. Pursuant to defendants' motions, the Superior Court Judge vacated the ex parte orders and allowed defendants' motions to strike, holding that Golden Eagle had

Pask v. Corbitt

the right to notice and a hearing and that the clerk's actions were without authority, improper, and without legal effect.

From the 5 March 1975 orders, vacating the ex parte orders entered by the Assistant Clerk of the Superior Court of Guilford County and striking portions of the plaintiff's amended complaint, plaintiff appealed and also petitioned this Court for a writ of certiorari.

*Max D. Ballinger for plaintiff appellant.*

*Falk, Carruthers & Roth, by Walter Rand, and Jordan, Wright, Nichols, Caffrey and Hill, by Charles E. Nichols and Ronald P. Johnson, for defendant appellees.*

MORRIS, Judge.

The plaintiff attempts to appeal from an order interlocutory in nature. Such orders are generally considered nonreviewable. 4 C.J.S., Appeal and Error, § 157, p. 528; 16 A.L.R. 2d, Appealability of Order With Respect to Motion for Joinder of Additional Parties, §§ 3, 6, pp. 1028-1040; *Sprague v. Bond,* 111 N.C. 425, 16 S.E. 412 (1892); *Lane v. Richardson,* 101 N.C. 181, 7 S.E. 710 (1888). Plaintiff has, however, filed a petition for a writ of certiorari which we have allowed.

[1] Plaintiff argues that Golden Eagle was not entitled to notice of a motion to make additional parties and the court, therefore, erred in its ruling that Golden Eagle was entitled to notice and an opportunity to be heard. We find no merit in plaintiff's position. Plaintiff contends that she was proceeding under G.S. 1A-1, Rule 15, and G.S. 1A-1, Rule 21, and that neither requires notice. The proposed amendment made no substantive changes in the original complaint other than to make the allegations applicable to Pen and Pencil. It is obvious that the only purpose of the proposed amendment was to bring in Pen and Pencil as a defendant. In truth and in fact, the essence of both motions was to make Pen and Pencil an additional party defendant. Where this is true, " . . . Rule 21 . . . controls and, to that extent, limits Rule 15(a). . . . " *International Bro. of Teamsters v. American Fed. of Labor,* 32 F.R.D. 441 (E.D. Mich. 1963).

Plaintiff is correct that Rule 21 does not specifically require notice. Rule 21 of the Federal Rules of Civil Procedure is identical in phraseology to G.S. 1A-1, Rule 21. A requirement of notice

to existing parties has been read into Rule 21, and courts generally uphold a requirement of notice as a condition precedent to entry of an order upon a motion made under the Rule. 7 Wright & Miller, Federal Practice and Procedure, § 1688 (1972) and cases cited therein; 3A Moore, Federal Practice ¶ 21.05(1) (1974) and cases cited therein; *Mitchell v. Carborundum Co.* 7 F.R.D. 523 (W.D.N.Y. 1947). Long prior to the adoption of G.S. 1A-1, Rule 21, North Carolina has held that existing parties to a lawsuit are entitled to notice of a motion to bring in additional parties. In *Young v. Rollins,* 90 N.C. 134 (1884), plaintiff moved to make the Western North Carolina Railroad Company a party defendant. Notice was served on the Railroad Company, but not on existing party defendants. The trial court denied the motion, and the Supreme Court affirmed saying that the court's order of denial ". . . derives support from the fact that no notice was given to the defendants who were entitled to the information of the intended motion, while the company, which really had no interest in the matter until served with summons, did have such notice." *Id.* at 136.

In *Collins v. Highway Commission,* 237 N.C. 277, 74 S.E. 2d 709 (1953), Justice Ervin discussed in detail requirement of notice of motions. Pertinent to the question before us is the following portion of that discussion:

"Parties to civil actions or special proceedings are not bound to take notice of motions which are made out of term; and hence, except as to a motion grantable as a matter of course or a motion otherwise specially provided for by statute, notice of a motion made out of term must be given to an adversary party. (Citations omitted.) The Clerk of the Superior Court holds no terms of court. In consequence, all motions made before the Clerk other than those grantable as a matter of course or those otherwise specially provided for by law must be on notice. (Citation omitted.). . . ." "A practical criterion for determining when an adverse party is entitled to notice of a motion made out of term is furnished by a New York court. 'The true test as to necessity of notice of motion in a case not specially provided for, is . . . as follows: "If upon the particular facts presented the applicant is entitled to the precise order applied for as a matter of strict right, and the adversary party is powerless to oppose, the order may be granted *ex parte,*

even though it might be better practice to require notice to be given. But if the adverse party appears for any reason to be entitled to be heard in opposition to the whole or any part of the relief sought, the application must be made on notice to such adverse party." ' *Shaw v. Coleman,* 54 N.Y. Super. 3, 3 N.Y.St. 534." *Id.* at 282-283.

Here, Golden Eagle was entitled to notice of the motion to bring in a new party defendant. Notice was not given. Golden Eagle moved to set aside the order. The trial court's conclusion that Golden Eagle "was entitled to notice and a hearing with respect to the orders allowing the plaintiff to amend its (sic) complaint and to add an additional party defendant, and the signing of such orders without such notice and hearing is improper" is without error.

Alternatively, plaintiff contends that Golden Eagle had notice of plaintiff's intention to join Pen and Pencil and that the Superior Court erred in not so finding. Specifically, plaintiff avers that Golden Eagle must have known that Pen and Pencil would be joined since it was through Golden Eagle's own answers to plaintiff's interrogatories that plaintiff first learned of Pen and Pencil's alleged role in the altercation. Again, we must reject plaintiff's argument. There is no reason to believe that Golden Eagle would know or should have known that in view of its answers to interrogatories filed on 5 April 1974 and 3 May 1974 the plaintiff would move for joinder of Pen and Pencil on 16 December 1974.

[2]   Finally, plaintiff avers that any lack of notice to Golden Eagle must be considered harmless. Again, we reject plaintiff's contention. The right to notice and an opportunity to be heard on motions filed in a lawsuit is critically important to the non-movant and cannot be considered an insubstantial or inconsequential omission on the part of the movant and the court. The non-movant " ' . . . has a right to resist the relief sought by the motion and principles of natural justice demand that his rights not be affected without an opportunity to be heard. . . . ' " *Hagins v. Redevelopment Comm.,* 275 N.C. 90, 101, 165 S.E. 2d 490 (1969), quoting from 60 C.J.S. Motions and Orders, § 15 (1949).

We do not reach the question of whether the Assistant Clerk exceeded his authority. Suffice it to say that we are of the opinion that Golden Eagle correctly moved in the Superior Court for vacation of the order.

---

Plaintiff further argues that as to Pen and Pencil's motion to strike and to vacate, the court's conclusions of law and the judgment entered are inconsistent. We disagree. The court concluded, and properly so, that Pen and Pencil was not entitled to notice and a hearing with respect to the orders allowing plaintiff to amend her complaint and to add an additional party. Obviously, it is not necessary to notify a party that he is about to be sued. The summons and complaint are adequate notice. The court then allowed Pen and Pencil's motion to strike and to dismiss the amended complaint. Clearly, if the order allowing the amendment and adding Pen and Pencil as a party defendant is void for lack of notice to Golden Eagle, it is void for all purposes.

Affirmed.

Judges HEDRICK and ARNOLD concur.