PHYLLIS HARPER LEDWELL AND AMERICAN MOTORISTS INSURANCE
     COMPANY v. PHILLIP BERNARD BERRY, BY HIS GUARDIAN AD LITEM
     ROBERT A. BRINSON

No. 7718SC976

(Filed 19 December 1978)

**Parent and Child § 2.1— action by minor child against parent—automobile accident
—statute abrogating parental immunity—constitutionality**

> The statute abrogating the doctrine of parent-child immunity in an action
> by a minor child against a parent for personal injury or property damage aris-
> ing out of the operation of a motor vehicle, G.S. 1-539.21, does not create an ar-
> bitrary classification in violation of the equal protection clauses of Art. I, § 19
> of the N.C. Constitution and the Fourteenth Amendment of the U.S. Constitu-
> tion.

APPEAL by plaintiffs from *Lupton, Judge*. Judgment entered
13 October 1977 in Superior Court, GUILFORD County. Heard in
the Court of Appeals 30 August 1978.

This is a declaratory judgment action pursuant to the
Uniform Declaratory Judgment Act which has been adopted in
this state and codified as Article 26, Chapter 1 of the General
Statutes. The purpose of the action is to test the constitutionality
of G.S. 1-539.21 which provides:

> The relationship of parent and child shall not bar the right of
> action by a minor child against a parent for personal injury
> or property damage arising out of the operation of a motor
> vehicle owned or operated by such parent.

The complaint alleges that the minor defendant has filed an
action against his mother in the District Court of Guilford County
for personal injuries allegedly incurred by him as the result of
the negligent operation of a motor vehicle. The plaintiffs allege
further that they desire to plead the doctrine of parent-child im-
munity in the action brought in the District Court of Guilford
County, but are barred from doing so by G.S. 1-539.21. The plain-
tiffs ask that this section be declared unconstitutional as depriv-
ing them of equal protection of the law in violation of the
Constitutions of the United States and the State of North
Carolina. Judge Harvey Lupton held that the statute is constitu-
tional and dismissed the action.

*Tuggle, Duggins, Meschan, Thornton and Elrod, P.A., by Joseph E. Elrod III and Kenneth R. Keller, for plaintiff appellants.*

*Tate and Bretzmann, by Raymond A. Bretzmann, for defendant appellee.*

WEBB, Judge.

We hold that Judge Lupton was correct and affirm the judgment.

The plaintiff challenges the statute on the ground that it creates an arbitrary classification to which the doctrine of parent-child immunity does not apply and thus violates the equal protection clauses of the North Carolina Constitution, art. 1, § 19, and the Fourteenth Amendment of the United States Constitution.

The police power of the state is an inherent power of its sovereignty and it may be exercised by the General Assembly in the regulation of individual conduct. Any law adopted by the General Assembly must have a reasonable relation to the accomplishment of the legislative purpose and must not be unreasonable in degree in comparison with the probable public benefit. *Indemnity Co. v. Ingram, Comr. of Insurance*, 290 N.C. 457, 226 S.E. 2d 498 (1976). The equal protection clauses of the United States Constitution and the Constitution of North Carolina require that in making classifications such as the Legislature has made in this case there be no discrimination, that is, there must be some reasonable relation between the class created and the legislative end to be obtained. *Glusman v. Trustees* and *Lamb v. Board of Trustees*, 281 N.C. 629, 190 S.E. 2d 213 (1972), *vacated*, 412 U.S. 947, 37 L.Ed. 2d 999, 93 S.Ct. 2999 (1973); *State v. Greenwood*, 280 N.C. 651, 187 S.E. 2d 8 (1972), and *Association of Licensed Detectives v. Morgan, Attorney General*, 17 N.C. App. 701, 195 S.E. 2d 357 (1973). The plaintiffs do not argue that the removal of a common law immunity from a legal action exceeds the state's police power. Their contention is that its removal only for the class enumerated by G.S. 1-539.21 violates the equal protection clause in that there are others similarly situated who do not receive equal treatment. They contend that by not removing the immunity from suits by parents against unemancipated minor

children or from suits by unemancipated minors against parents where no automobile is involved, the General Assembly has not enumerated a class based on a reasonable distinction.

We hold that the class recognized by the General Assembly is based on a reasonable distinction. As regards the exclusion from the class of accidents which do not involve motor vehicles we believe the motor vehicle problem in this state is such that the Legislature should be free to attack the evils brought about by accidents on the highways without addressing the whole field of negligence actions. We believe it is less than realistic to hold that the problem of automobile accidents is not sufficiently large to acquire a uniqueness of its own. As regards the exclusion from the class of suits by unemancipated minor children against their parents, we believe this distinction is self-evident. Parents have the right and duty to train and control unemancipated minor children. This difference is sufficient to keep the distinction made by the General Assembly from being arbitrary. We believe the class enumerated by the General Assembly meets the test as propounded by Chief Justice Bobbitt in *Glusman v. Trustees* and *Lamb v. Board of Trustees, supra*, at 638:

> The traditional equal-protection test does not require the very best classification in the light of a legislative or regulatory purpose; it does require that such classification in relation to such purpose attain a minimum (undefined and undefinable) level of rationality. "In the area of economics and social welfare, a state does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' "

The plaintiff further argues against the wisdom of the statute in that it might promote a multiplicity of suits. We feel this is an argument which should be addressed to the Legislature.

Affirmed.

Judges MORRIS and HEDRICK concur.