MABEL H. ALLEN v. BENJAMIN H. ALLEN

No. 859SC25

(Filed 3 September 1985)

1. **Parent and Child § 2— parent-child immunity—not abolished as to child defendant**

    The trial court did not err in an action arising out of an automobile accident by granting summary judgment in favor of defendant on the basis of child immunity where plaintiff was injured while a passenger in a car being driven by defendant, her son. G.S. 1-539.21 abolished only a parent's immunity to suit; the title of the statute, "Abolition of parent-child immunity in motor vehicle cases," does not control the very explicit text.

2. **Constitutional Law § 23; Parent and Child § 2.1— abolition of immunity of parent to suit by child—no violation of substantive due process**

    G.S. 1-539.21, which abolished parental immunity in motor vehicle cases, does not violate substantive due process because it does not deny plaintiff parent a right to which she would otherwise be entitled.

3. **Constitutional Law § 20; Parent and Child § 2.1— abolition of parental immunity—no violation of equal protection**

    G.S. 1-539.21, which abolished parental immunity in motor vehicle cases, is rationally related to the governmental objective of promoting and protecting

Allen v. Allen

domestic harmony and does not violate the equal protection requirements of the North Carolina or United States Constitutions.

**4. Parent and Child § 2.1 — abolition of parental immunity — public policy**
    The complete abolishment of the doctrine of parent-child immunity for public policy reasons is not a proper function of the Court of Appeals.

APPEAL by plaintiffs from *Martin, John C., Judge.* Judgment entered 13 November 1984 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 26 August 1985.

On 23 April 1980 the plaintiff, Mabel H. Allen, was riding in her car which was being driven by the defendant, her sixteen-year-old son. An automobile accident occurred in which plaintiff suffered severe physical injuries which have left her permanently disabled. On 22 April 1983, Ms. Allen filed a complaint against her son. Summary judgment was granted for the defendant on the basis that an unemancipated child is immune from a tort action by his parent. From this judgment, plaintiff appealed.

*McCain & Essen, by Grover C. McCain, Jr. and Jeff Erick Essen; and Cooper, Williams & Bryan, by Robert E. Cooper, for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by David H. Batten and Paul R. Cranfill, for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the trial judge erred in granting summary judgment in favor of the defendant on the basis of the common law doctrine of child immunity. More specifically, the plaintiff contends that 1) G.S. 1-539.21 abolished such immunity and 2) if the statute is interpreted as not to have affected such immunity, then the statute violates the equal protection and substantive due process requirements of the North Carolina and United States Constitutions.

[1] Plaintiff first contends that the title of G.S. 1-539.21, "Abolition of parent-child immunity in motor vehicle cases," should be used in construing the meaning of the statute. Plaintiff argues that the title implies total abolition of the parent-child immunity doctrine. It is true that the title of a statute may be considered when there is confusion in the wording of the text itself. *Toomey*

*v. Lumber Co.*, 171 N.C. 178, 88 S.E. 215 (1916). When the legislative intent is expressed clearly in the statutory language itself however, that language is controlling. *In re Forsyth County*, 285 N.C. 64, 203 S.E. 2d 51 (1974). The text of G.S. 1-539.21 specifically states, "The relationship of parent and child shall not bar the right of action *by a minor child against a parent* for personal injury or property damages arising out of the operation of a motor vehicle owned or operated by such parent." G.S. 1-539.21 (emphasis added). The text is very explicit and it, not the title, controls.

Further, this Court dealt with G.S. 1-539.21 in *Ledwell v. Berry*, 39 N.C. App. 224, 249 S.E. 2d 864 (1978), *disc. rev. denied* 296 N.C. 585, 254 S.E. 2d 35 (1979). There the statute was interpreted as abolishing only a parent's immunity to suit. We still adhere to that position.

Plaintiff next contends that if G.S. 1-539.21 is found to abolish only parental immunity then the statute violates the substantive due process and equal protection requirements of the North Carolina and United States Constitutions. These contentions have no merit. We examine each separately.

[2] G.S. 1-539.21 does not violate substantive due process because it does not deny plaintiff a right to which she otherwise would be entitled. Before this statute was enacted, the established rule was that both children and their parents were immune from such suits by each other. *Gillikin v. Burbage*, 263 N.C. 317, 139 S.E. 2d 753 (1965); *Cox v. Shaw*, 263 N.C. 361, 139 S.E. 2d 676 (1965). G.S. 1-539.21 abolished parental immunity and opened an avenue for children to sue their parents. To hold that an established right was taken away because the statute did not open the same door for parents is incorrect. Even if one views G.S. 1-539.21 as "denying" parents of such a right, such denial is within the rights of the legislature. This Court stated in *Dixon v. Peters*, 63 N.C. App. 592, 597, 306 S.E. 2d 477, 480 (1983), that ". . . our Constitution gives the legislature power . . . to grant or deny immunity."

[3] In dealing with the equal protection challenge, we note that this question has already been answered in *Ledwell*. This Court determined that the class created by G.S. 1-539.21 was based on a "reasonable distinction." *Id.* at 226, 249 S.E. 2d at 864. A test of

Allen v. Allen

strict scrutiny was not appropriate because there was neither a suspect class nor a fundamental right involved.

Plaintiff argues that the scrutiny test stated in *Dixon* should be used in an equal protection challenge to G.S. 1-539.21. We disagree. Applied when the interests involved are very important but not fundamental or the class involved is near but not quite suspect, the *Dixon* test requires that the classification involved be related substantially to the governmental objective. *Dixon* at 602, 306 S.E. 2d at 483. There is no "semi-fundamental right" or "semi-suspect class" in the present case which would require that the *Dixon* test be used. We reject plaintiff's contention that the right to be compensated for an action of negligence is a "semi-fundamental right." *See id.*

The *Ledwell* case is controlling on the equal protection challenge. The classification created by G.S. 1-539.21 is rationally related to the governmental objective of promoting and protecting domestic harmony. G.S. 1-539.21 is not in violation of the equal protection requirements in the North Carolina or United States Constitutions.

[4] Finally, plaintiff contends that this Court should abolish completely the doctrine of parent-child immunity for policy reasons. Such is not a proper function for this Court. Issues of public policy should be addressed to the legislature. *Skinner v. Whitley*, 281 N.C. 476, 189 S.E. 2d 230 (1972).

Summary judgment was properly granted in favor of the defendant. We uphold the trial court's decision.

Affirmed.

Chief Judge HEDRICK and Judge COZORT concur.