JANET B. CAMP v. GARY D. CAMP AND LISA CAMP

No. 8727SC756

(Filed 15 March 1988)

1. Parent and Child § 2— automobile accident—suit by mother against child—summary judgment properly granted

    The trial court properly granted summary judgment for defendant Lisa Camp in an action by a mother against her daughter and husband arising from an automobile accident. A parent's right to sue his or her minor child has been abolished.

2. Automobiles and Other Vehicles § 108.1— automobile accident—family purpose doctrine—summary judgment inappropriate

    The trial court erred by granting summary judgment for defendant husband in an action by a wife against her husband and daughter arising from an automobile accident where the automobile was registered in plaintiff's name but defendant husband testified that he actually purchased the car and the insurance, paid the taxes, and was responsible for the maintenance of the vehicle. There was a question as to who had control of the automobile within the meaning of the family purpose doctrine.

APPEAL by plaintiff from *Hyatt, Judge.* Judgment entered 12 May 1987 in Superior Court, GASTON County. Heard in the Court of Appeals 13 January 1988.

On 29 April 1984, plaintiff was persuaded by her husband, defendant Gary D. Camp, to take an automobile ride with their teenage daughter Lisa, who had obtained her learners permit approximately six months earlier. Plaintiff, who had not yet ridden

with her daughter, was to sit in the back seat while her husband was to ride in the front seat and direct the daughter's driving. While plaintiff was getting into the back seat, her husband instructed Lisa to turn the ignition switch to the start position so that the level of fuel in the car could be checked. Unfortunately, Lisa turned the switch too far and the automobile jerked backwards, partially knocking plaintiff under the car. Lisa then panicked and started the car, backing over plaintiff's legs.

Plaintiff brought an action against her daughter seeking damages for personal injuries sustained in the accident. Later, plaintiff amended her complaint to include her husband as a defendant, based upon the family purpose doctrine as well as his own negligence.

Both defendants filed a motion for summary judgment which was granted on 12 May 1987. From this judgment, plaintiff appeals.

*Harris, Bumgardner & Carpenter, by Reid C. James, for plaintiff appellant.*

*Stott, Hollowell, Palmer & Windham, by Nancy E. Foltz, for defendant appellees.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in granting defendants' motion for summary judgment "because there are genuine issues of material fact involved in this case and the defendants were not entitled to judgment as a matter of law."

[1] Concerning the defendant daughter, we note that *Allen v. Allen*, 76 N.C. App. 504, 333 S.E. 2d 530, *disc. rev. denied*, 315 N.C. 182, 337 S.E. 2d 855 (1985), abolished a parent's right to sue his or her minor child. Therefore, the trial court was correct to grant summary judgment in favor of defendant Lisa Camp.

[2] In reviewing the granting of summary judgment in favor of plaintiff's husband, Gary D. Camp, the family purpose doctrine must be examined. The family purpose doctrine imposes liability upon the owner or person with ultimate control over a vehicle for the negligent operation of that vehicle by a member of his or her household. *Williams v. Trust Co.*, 292 N.C. 416, 233 S.E. 2d 589 (1977).

Camp v. Camp

In order to recover under the doctrine, a plaintiff must show that (1) the operator was a member of the family or household of the owner or person with control and was living in such person's home; (2) that the vehicle was owned, provided and maintained for the general use, pleasure and convenience of the family; and (3) that the vehicle was being so used with the express or implied consent of the owner or person in control at the time of the accident.

*Byrne v. Bordeaux*, 85 N.C. App. 262, 264, 265, 354 S.E. 2d 277, 279 (1987).

The family purpose doctrine can be extended to and exercised only by one member of the family. *Smith v. Simpson*, 260 N.C. 601, 133 S.E. 2d 474 (1963). In determining which member of the family should be held liable under the doctrine, the issue is one of control and use. *Id.* The question to be asked is who controls the automobile. *Id.*

While the term control may seem nebulous in some circumstances, there are certain factors that are used in determining what party has control of the vehicle. Ownership, while not conclusive, is an element to be considered. *Id.* The use of the automobile, *i.e.* the purpose for which the car was purchased, is also a factor. However, the most important question to be asked is who maintains or provides the automobile for the use by the family. *Id.* That person is the party in "control" of the vehicle. *Id.* Maintenance includes such acts as buying the fuel and oil for the car, paying for repairs and listing and paying taxes on the car.

In the present case, the automobile was registered in plaintiff's name but plaintiff's husband testified that he actually purchased the car and the insurance, paid the taxes and was responsible for the "maintenance" of the vehicle. There is most definitely a question as to who had "control" of the automobile. The trial court was incorrect in granting defendant Gary Camp's motion for summary judgment.

Affirmed in part, reversed in part and remanded.

Judges WELLS and SMITH concur.