ELVERA A. COFFEY v. MICHAEL COFFEY

No. 8822SC968

(Filed 1 August 1989)

1. **Parent and Child § 2— automobile accident—mother's suit against son—dismissed**

     The trial court did not err in dismissing plaintiff parent's action against her defendant son for injuries sustained from defendant's operation of an automobile. The general rule is that an unemancipated minor child cannot maintain a tort action against his parent for personal injuries; as the child's immunity is considered the reciprocal of the parents' immunity, a parent likewise cannot sue an unemancipated minor child for a personal tort. The right to sue must exist at the time of the injury and the subsequent emancipation or majority of the minor is of no consequence.

2. **Rules of Civil Procedure § 15.1— auto accident—mother's action against son—amendment to add father as defendant**

     The trial court erred in an action by plaintiff mother against her son arising from an automobile accident by denying plaintiff's request to amend the complaint to add the father as a defendant under the family purpose doctrine. The amendment was permissible under N.C.G.S. § 1A-1, Rule 20(a) because plaintiff was seeking recovery against both her son and the son's father for injuries sustained in an automobile accident, so that the injuries arose from the same transaction and consequently common questions of law and fact arise; plaintiff complied with the notice requirement of N.C.G.S. § 1A-1, Rule 21; as defendant had filed an answer, plaintiff was allowed under N.C.G.S. § 1A-1, Rule 15(a) to amend her pleadings only by leave of the court; as the trial court failed to declare or state any reason for refusing to sign the order of amendment, the appellate court may examine any apparent reasons for such denial; defendant has shown no apparent justification for denying the amendment; the action by the mother against the father under the family purpose doctrine based on the son's negligence is not futile; and the fact that additional discovery may be required or that additional counsel may be required to represent the new defendant does not amount to prejudice or make the delay undue.

Judge LEWIS dissents in part.

APPEAL by plaintiff from *Collier (Robert A.), Judge.* Judgment entered 12 July 1988 in Superior Court, ALEXANDER County. Heard in the Court of Appeals 23 March 1989.

*Joel C. Harbinson for plaintiff-appellant.*

*James T. Patrick for defendant-appellee.*

GREENE, Judge.

On 27 January 1988, plaintiff filed a complaint against her son (hereinafter "defendant") alleging that she sustained injuries as a result of defendant's negligent operation of an automobile on 17 August 1985 in which plaintiff was a passenger. On 19 May 1988, the plaintiff moved to amend her complaint to join Clayton Coffey, the father of the defendant, as an additional party defendant. The proposed amended complaint alleged that the father was liable under the family purpose doctrine, as the son was a member of the father's household and the father provided the automobile in which the plaintiff was a passenger for the pleasure and general use of the family. The trial court on 1 June 1988, without assigning any reasons, denied the plaintiff's motion to amend. On 12 July 1988, the trial court in response to defendant's Rule 12(b)(6) motion and after receiving a stipulation from the parties that the defendant was on 17 August 1985 the unemancipated minor son of the plaintiff, entered summary judgment for the defendant and dismissed "with prejudice" plaintiff's complaint. Plaintiff appeals the denial of her motion to amend the complaint and the granting of defendant's motion for summary judgment. The parties stipulated that at the time of the accident the defendant was living with the plaintiff and was sixteen years old, having been born on 11 November 1968. On the date the complaint was filed, 27 January 1988, the defendant was nineteen years old.

---

The issues presented are: I) whether the defendant who had reached the age of majority at the time of the lawsuit is immune from suit by his parent, the plaintiff, for negligent conduct occurring when the defendant was an unemancipated minor; and II) whether the trial court erred in denying plaintiff's motion to amend her complaint to add as a party defendant the defendant's father.

I

[1]  The general rule in North Carolina is that "an unemancipated minor child cannot maintain a tort action against his parent for personal injuries." *Gillikin v. Burbage*, 263 N.C. 317, 321, 139 S.E. 2d 753, 757 (1965). As the child's immunity is considered the reciprocal of the parents' immunity, a parent likewise cannot sue an unemancipated minor child for a personal tort. *Id.* The parent-child immunity doctrine "does not apply to actions by an unemancipated minor with respect to contract and property rights, actions by an unemancipated minor involving willful and malicious acts, or actions by an emancipated child for torts committed after emancipation." *Lee v. Mowett Sales Co.*, 316 N.C. 489, 492, 342 S.E. 2d 882, 884 (1986). However, our General Assembly created an exception to the general rule which permits a minor child to sue a parent for "personal injury or property damage arising out of the operation of a motor vehicle owned or operated by such parent." N.C.G.S. Sec. 1-539.21 (1983). This exception, however, is limited and did not abolish the unemancipated minor's immunity from suits by his parents. *Allen v. Allen*, 76 N.C. App. 504, 506, 333 S.E. 2d 530, 532, *disc. rev. denied*, 315 N.C. 182, 337 S.E. 2d 855 (1985); *Ledwell v. Berry*, 39 N.C. App. 224, 226, 249 S.E. 2d 862, 864 (1978), *cert. denied*, 296 N.C. 585, 254 S.E. 2d 35 (1979); *Camp v. Camp*, 89 N.C. App. 347, 348, 365 S.E. 2d 675, 676 (1988).

The plaintiff nonetheless contends that since defendant was an adult on the date the complaint was filed, the unemancipated minor's immunity does not bar the parent's action against the adult child. Specifically, plaintiff argues that the rule prohibiting the parent's action against the child should not apply since one of the bases of the rule, maintenance of the family relationship, vanishes when the child reaches majority or is emancipated. *See Lee*, 316 N.C. at 492, 342 S.E. 2d at 884 (listing five policy reasons supporting parent-child immunity doctrine). We disagree.

The right to sue must exist at the time of the injury and the subsequent emancipation or majority of the minor is of no consequence. *See* 67A C.J.S. *Parent and Child* Sec. 128 at 505 (1978). Similarly, an emancipated minor or a person obtaining their majority cannot maintain a personal tort action against their parents for a tort " 'committed before emancipation if at the time of the wrong the action was not maintainable.' " *Lee v. Comer*, 159 W.Va. 585, 587-88, 224 S.E. 2d 721, 722 (1976) (quoting from 59 Am. Jur.

2d *Parent and Child* Sec. 145 at 277); *see also Foster v. Foster*, 264 N.C. 694, 697, 142 S.E. 2d 638, 640 (1965) (action cannot be maintained against mother for personal injuries inflicted by mother during minority "even after [child] has attained her majority"); 3 R. Lee, *North Carolina Family Law* Sec. 248 at 304 (4th ed. 1981); Annotation, *Liability of Parent for Injury to Unemancipated Child Caused by Parent's Negligence—Modern Cases* 6 A.L.R. 4th, Sec. 5 at 1092 ("notwithstanding that the child was either emancipated or had attained his majority at the time of commencement of the action," parental tort immunity doctrine constitutes bar to action by child against parent). The effect of a holding such as the one plaintiff advocates would be to allow a parent to sue her child if the filing of the complaint could be delayed until the unemancipated minor either becomes emancipated or attains majority. Such a purposeful delay would itself contravene domestic tranquility, one of the policy reasons supporting immunity. *See Lee*, 316 N.C. at 492, 342 S.E. 2d at 884 (listing five policy reasons supporting parent-child immunity). "The family relationship would be disturbed during the time the parent waited for the child to become of age." *Nahas v. Noble*, 77 N.M. 139, 142, 420 P. 2d 127, 129 (1966). Finally, the facts and holding in *Allen* are entirely consistent with our holding. 76 N.C. App. 504, 333 S.E. 2d 530. In *Allen*, the parent-plaintiff sued her son for his alleged negligent conduct. *Id.* at 505, 333 S.E. 2d at 531. At the time of the alleged negligent conduct, the defendant-son was sixteen years old and at the time the complaint was filed the defendant was at least eighteen years old. *Id.* The *Allen* court while not specifically addressing the fact that the defendant had attained majority at the time the lawsuit had been filed held the defendant was immune from suit by his mother for conduct occurring when he was an unemancipated minor. *Id.* at 507, 333 S.E. 2d at 533. Accordingly, the trial court committed no error in dismissing the plaintiff-parent's action against her defendant-son for injuries she sustained arising from defendant's operation of the automobile.

We note that the general rule of parent-child immunity has been criticized and authors have suggested that the immunity "should not bar an action by a child or parent when such action does not arise out of the exercise of parental authority or discretion and, alternatively, where there is available liability insurance coverage for the personal injuries sustained." Wyatt, *The Last Pangs of Parent-Child Immunity in North Carolina: Lee v. Mowett*

*Sales Co. and Allen v. Allen*, 22 Wake Forest L. Rev. 607, 628 (1987). However, our Supreme Court has determined that if the doctrine is to be abolished, "it should be done by legislation and not by the Court." *Lee*, 316 N.C. at 494, 342 S.E. 2d at 885.

## II

**[2]** The plaintiff next argues the trial court erred in denying her request to add the defendant's father as a party defendant under the family purpose doctrine. We agree.

Where the essence of a Rule 15(a) motion to amend a pleading is to add a party to the lawsuit, consideration of North Carolina Rules of Civil Procedure 20 and 21 is required. N.C.G.S. Sec. 1A-1, Rule 15(a) (1983); N.C.G.S. Sec. 1A-1, Rule 20 (1983); N.C.G.S. Sec. 1A-1, Rule 21 (1983); *see* 3 J. Moore, Moore's Federal Practice Sec. 15.08[5] at 15-84, 15-85 (2d ed. 1989); 3A J. Moore, Moore's Federal Practice Sec. 21.05[1] at 21-26 (2d ed. 1989); *Pask v. Corbitt*, 28 N.C. App. 100, 102, 220 S.E. 2d 378, 380 (1975). Rule 20(a) allows permissive joinder of defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all parties will arise in the action." N.C.G.S. Sec. 1A-1, Rule 20(a). As the plaintiff was seeking recovery against both her son and the son's father for injuries she sustained in an automobile accident occurring on 17 August 1985, plaintiff was seeking the liability of both defendants for injuries "arising out of the same transaction" and consequently common questions of law and fact arise in the action. N.C.G.S. Sec. 1A-1, Rule 20(a); *see Shuping v. Barber*, 89 N.C. App. 242, 249, 365 S.E. 2d 712, 716 (1988) ("Although defendants may not be held jointly liable, plaintiff is not precluded from pursuing his claims against both defendants in the same civil action"). Accordingly, the amendment joining the defendant's father as a party defendant was permissible under Rule 20.

Under Rule 21, which concerns the procedure upon nonjoinder of parties, by order of the court and on "such terms as are just parties may be dropped or added." N.C.G.S. Sec. 1A-1, Rule 21. Furthermore, a requirement of notice to the existing parties "has been read into Rule 21" and such notice is a condition precedent to entry of an order adding or dropping a party. *Pask*, 28 N.C. App. at 102-3, 220 S.E. 2d at 381. Plaintiff complied with the notice requirement of Rule 21. She served a notice of hearing on defend-

ant Michael Coffey along with a copy of the proposed amendment notifying defendant that she would appear in court on a certain day to request an order allowing the amendment.

Under Rule 15(a), as the defendant had filed an answer, the plaintiff was allowed to amend her pleadings "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C.G.S. Sec. 1A-1, Rule 15(a). While the grant or denial of an opportunity to amend pleadings is within the discretion of the trial court, *Kinnard v. Mecklenburg Fair*, 46 N.C. App. 725, 727, 266 S.E. 2d 14, 16, *aff'd*, 301 N.C. 522, 271 S.E. 2d 909 (1980), the "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222, 226 (1962). It is "an abuse of discretion to deny leave to amend if the denial is not based on a valid ground." 3 J. Moore, Moore's Federal Practice Sec. 15.08[4] at 15-65, 15-66.

"Absent any declared reason for denial of leave to amend, the appellate court may examine any apparent reasons for such denial." *Banner v. Banner*, 86 N.C. App. 397, 400, 358 S.E. 2d 110, 111, *disc. rev. denied*, 320 N.C. 790, 361 S.E. 2d 70 (1987). The trial court failed to "declare" or state any reason for refusing to sign the order of amendment tendered by the plaintiff. The defendant, who had the burden of establishing prejudice, *Vernon v. Crist*, 291 N.C. 646, 654, 231 S.E. 2d 591, 596 (1977), has shown no "apparent" justification for denying the amendment. "Apparent" or "declared" reasons approved by our courts include: undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice and futility of the amendment. *See Foman*, 371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed. 2d at 226.

The action by the mother against the father under the family purpose doctrine based on the son's negligence is not futile. Arguably, the son's immunity from a suit against him by his mother would be extended to the father to protect the father from the mother's cause of action based on the son's negligence. However, our Supreme Court has rejected such transference of immunity from the son to the father and has specifically held that one parent is entitled to maintain a suit against another parent under the family purpose doctrine for the negligence of their son. *Cox v. Shaw*, 263 N.C. 361, 367, 139 S.E. 2d 676, 680 (1965); N.C.G.S. Sec. 52-5 (1984)

## COFFEY v. COFFEY

[94 N.C. App. 717 (1989)]

(common law immunity from suits between husband and wife abolished). Furthermore, we reject defendant's argument that the amendment would prejudice him or cause undue delay. The fact that additional discovery may be required or that additional counsel may be required to represent the new defendant does not amount to prejudice or make the delay "undue."

Accordingly, the trial court erred in not allowing the plaintiff to amend her complaint to add the defendant-father as a party defendant and the cause is remanded.

Affirmed in part, reversed in part and remanded.

Judge ARNOLD concurs.

Judge LEWIS dissents in part.

Judge LEWIS dissenting in part.

I would affirm the trial judge in all respects, therefore I dissent as to reversing the denial of the motion to amend the complaint.

Our Rules of Evidence do not require the trial judge to declare or state reasons for denying a motion to amend. Some cases seem to say there should be "apparent" or "declared" reasons. Here, we are substituting the discretion of the appellate court to determine what is "apparent," what constitutes an "undue" delay, what is "dilatory" and what constitutes "undue prejudice."

There is no doubt the complaint was filed 27 January 1988; the existence of the father and his position as well as all other aspects of the case were then well known. Undoubtedly there was a delay from then till 19 May 1988. The majority opinion will put us in the position of legislating how much time constitutes undue delay. The trial judge is in the better position to exercise discretion in this matter. Otherwise, the statute will be judicially changed to mean "amendments must be allowed unless the trial judge declares adequate reasons why not."