Media Network, Inc. v. Mullen Adver., Inc., et al., 2006 NCBC 7.

| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
|---|---|
| | SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | 05 CVS 7255 |

MEDIA NETWORK, INC. d/b/a )
GATEWAY MEDIA, )
           )
              Plaintiff, )
           )
      v. )
           )
MULLEN ADVERTISING, INC.; )
TRANSIT ADS INCORPORATED d/b/a )
CARTELES; CARL HAYNES, individually )
and d/b/a HIGH PLAINS BUSINESS )
CONSULTING, a/k/a HIGH PLAINS )
BUSINESS, a/k/a HIGH PLAINS; and )
HIGH PLAINS BUSINESS )
CONSULTING, a/k/a HIGH PLAINS )
BUSINESS, a/k/a HIGH PLAINS, )
           )
           Defendants. )

| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
|---|---|
| | SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | 05 CVS 15428 |

MEDIA NETWORK, INC. d/b/a )
GATEWAY MEDIA, )
           )
              Plaintiff, )
           )
      v. )
           )
LONG HAYMES CARR, INC. d/b/a )
MULLEN/LHC and CARNEY MEDIA, )
INC., )
           )
              Defendants. )

## ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND TO ADD COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

*Nexsen Pruet Adams Kleemeier, PLLC by J. Alexander S. Barrett and Stuart C. Gauffreau for Plaintiff Media Network, Inc. d/b/a Gateway Media.*

*Kilpatrick Stockton, LLP by W. Mark Conger and Elliott A. Fus for Defendants Mullen Advertising, Inc. and Long Haymes Carr, Inc. d/b/a Mullen/LHC.*

*Blancato, Doughton & Hart, PLLC by Thomas J. Doughton for Defendants Carl Haynes, individually and d/b/a High Plains Business Consulting, a/k/a High Plains Business, a/k/a High Plains; and High Plains Business Consulting, a/k/a High Plains Business, a/k/a High Plains.*

Diaz, Judge.

{1}     Before the Court are the Motions of Defendants Mullen Advertising, Inc. ("Mullen") and Long Haymes Carr, Inc. d/b/a Mullen/LHC ("Carr") (collectively the "Defendants") for Leave to Amend to Add Counterclaims and Third-Party Complaint (the "Motions to Amend").  After considering the Court files, the written motions, the briefs and supporting documents, and the arguments of counsel, the Court makes the following:

**FINDINGS OF FACT**

{2}     Plaintiff Media Network, Inc. d/b/a Gateway Media ("Gateway") brought these actions against Mullen and Carr alleging that one or both entities breached a "non-cancelable" contract in which Gateway was to provide services to Mullen and/or Carr in connection with an advertising program.[1]

{3}     Defendants assert that the contract was cancelable on sixty (60) days written notice, and that a February 2, 2005 letter from Defendants to Gateway properly provided for termination effective April 4, 2005.

{4}     The Complaints also assert claims against the Defendants for (a) injunctive relief, (b) misappropriation of trade secrets, (c) fraud, (d) negligent misrepresentation, (e) unfair and deceptive trade practices, and (f) negligent supervision.

{5}     In their Motions to Amend, Defendants seek to assert five (5) counterclaims (alleging breach of contract/implied covenant of good faith and fair dealing, aiding and abetting breach of fiduciary duty, tortious interference with contract, fraud, and unfair and deceptive trade practices) arising from what the Defendants allege were kickbacks or bribes paid by Gateway to Carl Haynes, the Mullen employee primarily responsible for selecting the vendors for the advertising program at issue in the principal litigation (hereinafter the "Haynes Payments").

{6}     Defendants also seek to file and serve a Third-Party Complaint alleging the same five (5) claims against HFT Management, Inc. d/b/a Gateway Outdoor Advertising ("HFT"), an entity that Defendants assert is affiliated with the Plaintiff and also bears responsibility for the Haynes Payments.[2]

{7}     In their February 2, 2005 notice to Gateway, Defendants referenced the Haynes Payments as a partial basis for their decision to terminate the advertising contract.

{8}     Plaintiff filed the Complaints in these cases on April 15, 2005 (with respect to 05 CVS 7255) and

on August 23, 2005 (with respect to 05 CVS 15428).

{9}     Defendants answered on June 13, 2005[3], and October 31, 2005, respectively.

{10}    The cases were assigned to the Business Court on February 3, 2006.

{11}    Defendants filed their Motions to Amend on February 16, 2006.

{12}    Pursuant to Rule 15 of the General Rules of Practice and Procedure for the North Carolina Business Court, the parties submitted a joint case management report (the "CMR") on March 17, 2006.  In the CMR, the parties agreed that they could complete fact discovery in these cases on or before March 31, 2006, subject to the Court's resolution of the Motions to Amend and a separate motion for partial summary judgment filed by the Defendants.  The parties also submitted agreed upon dates to the Court for the filing and consideration of other dispositive motions.

{13}    Following the parties' submission of a joint case management report, this Court entered a scheduling order in these matters on April 5, 2006, which, among other things, memorialized that the deadline for completing discovery in both cases had expired, and adopted the deadlines set forth in the CMR for resolving dispositive motions.

{14}    Defendants filed their Motions to Amend approximately forty-five (45) days before the expiration of the March 31, 2006 deadline for completing fact discovery.

{15}    If the Motions to Amend are allowed, Plaintiff would be entitled to conduct additional discovery as to the claims arising from the Haynes Payments, which in turn would require an extension of the discovery deadline, and the modification of the deadlines for resolving dispositive motions.

        Based on the above Findings of Fact, I make the following:

## CONCLUSIONS OF LAW

{16}    Rule 15(a) of the North Carolina Rules of Civil Procedure provides that a defendant may amend his pleading once as a matter of course "at any time within 30 days after it is served."  N.C. R. Civ. P. 15(a).  Otherwise, "a party may amend his pleading only by leave of court," and "leave shall be freely given when justice so requires."  *Id.*

{17}    Generally, a trial court should grant a party leave to amend a pleading absent a showing of material prejudice.  *Mauney v. Morris*, 316 N.C. 67, 72, 340 S.E.2d 397, 400 (1986); *Stetser v. TAP Pharm. Prods. Inc.,* 165 N.C. App. 1, 31, 598 S.E.2d 570, 590 (2004).  Reasons warranting a denial of leave to amend include (a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of the amendment, and (e) repeated failures to cure defects by previous amendment.  *Martin v. Hare*, 78 N.C. App. 358, 361, 337 S.E.2d 632, 634 (1985).

{18}     Applying the relevant factors to the Defendants' request to amend to add counterclaims in this case, I find that there has been undue delay in pursuing the counterclaims, in that Defendants knew the relevant facts surrounding the Haynes Payments on or before February 2, 2005, yet they failed to assert the claim in their original pleadings, and waited almost a year from the filing of the first action (in 05 CVS 7255) to seek leave to amend.  I find further that the Defendants have offered no credible explanation for the delay.

{19}     Moreover, allowing the amendment at this stage of the cases would require an extension of the discovery deadline to allow Plaintiff to defend against the counterclaims, and a modification of the agreed upon deadlines for resolving dispositive motions.  Thus, I conclude that Plaintiff would be prejudiced by the amendment.  *See Stetser,* 165 N.C. App. at 32, 598 S.E.2d at 590-91 (finding that the trial court did not abuse its discretion in denying a motion to amend that would "involve more discovery for the parties, slow the litigation process, and present a more unwieldy litigation for the trial court to administrate.").  Accordingly, the Court will **DENY** that portion of the Defendants' motion seeking to amend to add counterclaims.[4]

{20}     The Court will also **DENY** Defendants' request for leave to file and serve their Third-Party Complaint.  In addition to the concerns that I have regarding the Defendants' delay in seeking this relief, the complaint fails to satisfy the requirement of a third-party pleading under North Carolina Rule of Civil Procedure 14(a), which limits the service of such a pleading to "a person not a party to the action who is or may be liable to [a defendant] for all or part of the plaintiff's claim against him."  N.C. R. Civ. P. 14(a).

{21}     The purpose of Rule 14 is to promote judicial economy by disposing of multiple claims arising from a single set of facts in one lawsuit.  *See Heath v. Board of Comm'rs,* 292 N.C. 369, 376, 233 S.E.2d 889, 893 (1977).  Nevertheless, by its terms, Rule 14 requires the pleader to allege that there is some basis for passing all or part of the liability asserted by the plaintiff against the defendant on to the third party.  *See, e.g., Nat'l Bank of Canada v. Artex Indus.,* 627 F. Supp. 610, 613 (S.D.N.Y. 1986) (dismissing a third-party complaint without prejudice filed pursuant to Federal Rule of Civil Procedure 14(a) because, although the alleged third-party claim arose from the same transaction or set of facts as the original claim, its outcome was not contingent on the outcome of the main claim).

{22}     In this case, the Defendants' Third-Party Complaint asserts that two other entities affiliated with the Plaintiff made the Haynes Payments, with the intent to influence Mr. Haynes' actions in selecting vendors for the advertising program.[5]  While I agree that the damage allegedly suffered by the Defendants as a result of the Haynes Payments arises from facts common to the original actions, the third-

party claims stand alone and are not contingent on the Plaintiff's recovery (if any) in the principal lawsuits. Accordingly, the Court declines to allow Defendants to join an additional party at this late stage of the litigation.

## CONCLUSION

{23} For the reasons set forth above, the Court **DENIES** the Defendants' Motions for Leave to Amend to Add Counterclaims and Third-Party Complaint.

This the 24th day of May, 2006.

---

[1] In response to Mullen's claim—raised as an affirmative defense in 05 CVS 7255—that Carr was the proper party defendant, Gateway filed a separate suit against Carr denominated as 05 CVS 15428.

[2] Defendants' Motions to Amend also sought to file and serve a Third-Party Complaint alleging these same claims against Heard Communications, Inc. d/b/a Gateway Outdoor Advertising ("HCI"), another entity that Defendants assert is affiliated with the Plaintiff and also bears responsibility for the Haynes Payments. On March 17, 2006, Defendants filed a notice of withdrawal of their Motions to Amend as to HCI, without prejudice, because HCI is a debtor in bankruptcy.

[3] Defendant Mullen amended its answer in 05 CVS 7255 on June 15, 2005.

[4] Defendants' reliance on *Coffey v. Coffey,* 94 N.C. App. 717, 381 S.E.2d 467 (1989), to reach a different result is misplaced. In *Coffey,* the trial court failed to articulate any basis for denial of the motion. As the opinion emphasized, "[w]hile the grant or denial of an opportunity to amend pleadings is within the discretion of the trial court, . . . the 'outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion.'" *Id.* at 722*,* 381 S.E.2d at 471 (citations omitted). Moreover, in that case, the plaintiff sought leave to amend a mere four months after filing her complaint, and there was no evidence in *Coffey* that the discovery deadline would be extended if the amendment were allowed.

[5] Defendants have since withdrawn their third-party claims against HCI, in light of the latter's recent filing of a bankruptcy petition.