LINDA CAROL ROBINSON, AND JOHN CHARLES ROBINSON, PLAINTIFFS v. JEFFREY MARTIN SMITH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITIES, WORTH HILL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE SHERIFF OF DURHAM COUNTY, NORTH CAROLINA, DURHAM COUNTY, NORTH CAROLINA, THE DURHAM COUNTY NORTH CAROLINA SHERIFF'S OFFICE AND UNKNOWN SURETY COMPANY, DEFENDANTS

No. COA11-934

(Filed 20 March 2012)

**1. Pleadings—amended complaint—served prior to responsive pleading—Rules 20 and 21 inapplicable**

The trial court did not err in a negligence action by considering plaintiffs' amended complaint. Plaintiffs' amended complaint was served on defendants before defendants had served a responsive pleading and neither N.C.G.S. § 1A-1, Rule 20 nor 21 were applicable.

**2. Immunity—governmental—negligence—pleadings stage—insurance purchased**

The trial court did not err in a negligence case by denying defendant's motion to dismiss on the basis of governmental immunity. The trial court explicitly declined to consider materials beyond the pleadings at that stage, and plaintiffs' specifically alleged, *inter alia*, that defendant Durham County had purchased insurance and thus had waived its immunity.

ROBINSON v. SMITH

[219 N.C. App. 518 (2012)]

Appeal by Defendants from order entered 27 April 2011 by Judge Michael R. Morgan in Durham County Superior Court. Heard in the Court of Appeals 15 December 2011.

*Ekstrand & Ekstrand LLP, by Robert C. Ekstrand and Stephanie A. Sparks, for Plaintiffs-Appellees.*

*Office of the Durham County Attorney, by Assistant County Attorney Bryan E. Wardell, for Defendants-Appellants.*

BEASLEY, Judge.

Jeffrey Martin Smith, individually and in his official capacity; Worth Hill, individually and in his official capacity as the Sheriff of Durham County, North Carolina; Durham County, North Carolina; The Durham County North Carolina Sheriff's Office; and Unknown Surety Company (collectively, Defendants) appeal from a 27 April 2011 order denying their motion to dismiss the above-captioned matter. For the following reasons, we affirm the trial court's order.

Linda Carol Robinson and her husband, John Charles Robinson (Plaintiffs) filed a complaint on 26 July 2010 against Jeffrey Smith in his official capacity and his employer, Durham County, alleging Smith negligently ran into Plaintiffs' car and injured Mrs. Robinson while acting in the course of his employment. On 23 August 2010, both Smith and Durham County filed motions to dismiss. On 1 December 2010, Plaintiffs filed their first amended complaint, which named all the present Defendants. On 7 January 2011, Defendants filed a motion to dismiss Plaintiffs' first amended complaint. On 27 April 2011, the trial court entered an order recognizing Plaintiffs' first amended complaint as the operative complaint in this proceeding and denying Defendants' motion to dismiss. On 9 May 2011, Defendants gave notice of appeal to this court.

At the outset, we note that this appeal is interlocutory, and would normally not be properly before us. "However, an interlocutory order may be heard in appellate courts if it affects a substantial right[,]" and "[t]his Court has held that denial of dispositive motions such as motions to dismiss . . . that are grounded on governmental immunity affect a substantial right and are immediately appealable." *Mabrey v. Smith*, 144 N.C. App. 119, 121, 548 S.E.2d 183, 185 (2001) (internal citations omitted). Thus, this interlocutory appeal is properly before this Court.

I.

Defendants argue that the trial court erred in considering Plaintiffs' amended complaint. We disagree.

[1] Pursuant to N.C. Gen. Stat. § 1A-1, Rule 15(a) (2011), "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served[.]" Here, Defendants do not argue that Plaintiffs' amended complaint was served on them after they had served a responsive pleading. Instead, they argue that because Plaintiffs' amendment added an additional party, it was not governed by Rule 15 but by Rules 20-21 of Civil Procedure, which Defendants contend require notice to existing litigants and leave of court when an amendment adds a party. Defendants' argument is without merit.

As the trial court stated, Rules 20 and 21 have no bearing on the instant case. Rule 20 governs permissive joinder and Rule 21 pertains to misjoinder and nonjoinder of parties. *See* N.C. Gen. Stat. § 1A-1, Rules 20 and 21 (2011). Neither rule is applicable here. Defendants further point to this Court's decision in *Coffey v. Coffey*, 94 N.C. App. 717, 381 S.E.2d 467 (1989) in support of their argument. However, *Coffey* is not applicable here either, as the defendant in that case had filed an answer and plaintiff was only permitted to amend her pleadings by leave of court or by written consent of the defendant under Rule 15(a). *Id.* at 722, 381 S.E.2d at 471. The rationale in *Coffey* is only applicable to cases where a responsive pleading has been filed prior to the proposed amendment; because no such pleading was filed here, this case is easily distinguishable. Accordingly, the trial court did not err in considering Plaintiffs' amended complaint to be the operative complaint in this action.

II.

[2] Defendants also argue that the trial court erred in denying their motion to dismiss Plaintiffs' claim on the basis of governmental immunity.[1] We disagree.

"A motion to dismiss should be granted when it appears that plaintiff is not entitled to *any* relief under any facts which could be presented in support of his claim." *Harwood v. Johnson*, 326 N.C. 231, 239, 388 S.E.2d 439, 444 (1990). North Carolina courts have held that the defense of sovereign immunity can be both a matter of subject matter jurisdiction under Rule 12(b)(1) and a matter of personal

---

1. Although the trial court did not expressly deny Defendants' governmental immunity claim, it effectively did so by denying the motion which included that claim.

jurisdiction under 12(b)(2).[2] *See Battle Ridge Cos. v. N.C. Dep't of Transp.*, 161 N.C. App. 156, 157, 587 S.E.2d 426, 427 (2003). When reviewing a motion to dismiss, "a trial court may consider and weigh matters outside the pleadings. However, if the trial court confines its evaluation to the pleadings, the court must accept as true the plaintiff's allegations and construe them in the light most favorable to the plaintiff." *Department of Transp. v. Blue*, 147 N.C. App. 596, 603, 556 S.E.2d 609, 617 (2001).

"Under the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity. Under the doctrine of governmental immunity, a county is immune from suit for the negligence of its employees in the exercise of governmental functions absent waiver of immunity." *Meyer v. Walls*, 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997) (internal citations omitted). It is axiomatic that "[a]bsent consent or waiver, the immunity provided by the doctrine is absolute and unqualified." *Messick v. Catawba County*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 494 (1993).

Pursuant to N.C. Gen. Stat. § 153A-435(a) (2011),

> A county may contract to insure itself and any of its officers, agents, or employees against liability for wrongful death or negligent or intentional damage to person or property . . . caused by an act or omission of the county or of any of its officers, agents, or employees when acting within the scope of their authority and the course of their employment.

Further, if a county waives its immunity under § 153A-435(a), any person "sustaining damages as a result of an act or omission of the county or any of its officers, agents, or employees, occurring in the exercise of a governmental function, may sue the county for recovery of damages." N.C. Gen. Stat. § 153A-435(b) (2011).

In the instant case, the trial court explicitly stated that it declined to consider materials beyond the pleadings at that stage. Thus, our review must also be based solely on the pleadings. In Plaintiffs' first amended complaint, they specifically allege, *inter alia*, that Defendant Durham County has purchased insurance pursuant to N.C. Gen. Stat. § 153A-435 and thus had waived its immunity. Defendants point to the proffered affidavit of the County's Risk Manager, filed with their motion to dismiss, that contends that the County has not

---

2. Defendants assert the defense under both 12(b)(1) and 12(b)(2) in their motion to dismiss.

purchased insurance which would provide coverage for the claims included in this action. However, because the trial court declined to consider Defendants' affidavits so must we, and based only on the pleadings, Plaintiffs have alleged sufficient facts to survive a Rule 12 dismissal on the basis of governmental immunity. Thus, the trial court's order must be affirmed.

Affirmed.

Judges ERVIN and THIGPEN, JR. concur.