NICOLE ZENOBILE, Plaintiff v. BRENT McKECUEN, ALFRED SANDERLIN, JEANNIE YOUNG, AND OTHER PEOPLE, PRESENTLY UNKNOWN, Defendants

No. COA00-739

(Filed 5 June 2001)

## 1. Pleadings— amendment of complaint—relation back

The trial court erred in an emotional distress action in its alternate conclusion that any attempt by plaintiff to amend her complaint would be futile in that the amendment would not relate back to the original filing. The relevant date is the date of the filing of the motion for leave to amend, not the date the court rules on the motion; even assuming that this plaintiff's claim accrued at the earliest possible date, plaintiff's motion for leave to amend was filed prior to the running of the statute of limitations.

ZENOBILE v. McKECUEN

[144 N.C. App. 104 (2001)]

**2. Pleadings— amendment—motion to dismiss—ruled upon first**

The trial court erred in an emotional distress action in its alternate conclusion that there was no proper amendment of the complaint where the court ruled on a motion to dismiss before ruling on the motion for leave to amend.

**3. Pleadings— leave to amend**

Leave to amend a complaint for emotional distress to add defendants and claims should have been allowed where the claims arose from the same occurrence, plaintiff provided notice of the motion to existing parties, and there was no apparent reason to deny leave to amend.

**4. Emotional Distress— claim for relief—sufficiently stated**

The trial court erred by determining that a complaint failed to state a claim for which relief could be granted as to defendant Young where the complaint alleged causes of action for intentional and negligent infliction of emotional distress and civil conspiracy to deprive plaintiff of her rights as a woman under N.C.G.S. § 99D-1, and the alleged facts, taken as true, indicate that Young was responsible for mixing the drinks which rendered plaintiff physically helpless; that Young knew or should have known that plaintiff became physically helpless and later unconscious after drinking the drinks; that Young was present while plaintiff was stripped naked, filmed, carried to a sofa gasping for air, examined by a paramedic, and removed from the house by another defendant; that Young later sought to conceal her involvement in the incident despite knowing that it was the subject of a criminal investigation; and that Young acted upon a common scheme with other defendants to harass and discredit plaintiff, and to destroy evidence and obstruct justice.

Appeal by plaintiff from order entered 23 March 2000 by Judge Jerry R. Tillett in Pasquotank County Superior Court. Heard in the Court of Appeals 18 April 2001.

*McSurely & Osment, by Alan McSurely and Ashley Osment, for plaintiff-appellant.*

*Ward & Smith, P.A., by V. Stuart Couch and A. Charles Ellis, for defendant-appellee Jeannie Young.*

HUDSON, Judge.

Nicole Zenobile (plaintiff) appeals the 23 March 2000 order of the trial court granting defendant Jeannie Young's motion to dismiss. We reverse and remand.

On 2 June 1999, plaintiff, a dispatcher for the Elizabeth City Police Department (ECPD), filed a complaint naming only one defendant, Brent McKecuen, an officer with the ECPD. The complaint generally alleges that while plaintiff was at McKecuen's parents' house for a social gathering in mid-September of 1996, plaintiff "became helpless" and McKecuen filmed plaintiff with a video camera after others had removed her bathing suit. The complaint further alleges that McKecuen displayed the video tape to people at the house that night, and to members of the ECPD and other individuals during the next few days. The complaint sets forth claims for intentional infliction of emotional distress (IIED) and negligent infliction of emotional distress (NIED), and requests compensatory and punitive damages.

On 30 July 1999, McKecuen filed an answer denying the allegations and raising certain defenses. On 30 August 1999, plaintiff filed a "Motion for Leave to File Amended Complaint," requesting leave to add two additional defendants, to add two additional claims, and to add additional allegations to the original complaint. Plaintiff also attached and filed with the motion her proposed amended complaint. McKecuen was served with a copy of plaintiff's motion and a copy of the amended complaint. The two proposed additional defendants were each served with a summons and a copy of the amended complaint.

The proposed amended complaint names Alfred Sanderlin and Jeannie Young as defendants in addition to McKecuen. It alleges that the three defendants "singly and in concert" engaged in conduct constituting IIED and NIED, and that they "conspired to deprive [plaintiff] of her civil rights as a woman" in violation of N.C.G.S. § 99D-1 (1999), "Interference with Civil Rights." In addition, the amended complaint sets forth the alleged incident of mid-September of 1996 in further detail, including: that plaintiff was invited by Sanderlin to the house for a pool party; that Sanderlin asked Young to mix a drink for plaintiff; that Young mixed two drinks for plaintiff; that plaintiff drank as much as half of one drink although it "did not taste right"; that plaintiff was rendered "physically helpless" after ingesting the drink and became unconscious within thirty minutes; that Sanderlin said to

**ZENOBILE v. McKECUEN**

[144 N.C. App. 104 (2001)]

McKecuen, "Get the camcorder"; that Young said to Sanderlin, "It's all yours, Al" and, "I need to know which way you're going on this, because I've got money riding on it"; that at one point plaintiff was carried to the living room sofa while she was gasping for air; that a paramedic, who was a personal friend of McKecuen, was called to the house to examine plaintiff; that plaintiff regained consciousness the following morning in an apartment belonging to an officer of the ECPD; that when she regained consciousness Sanderlin's fingers were penetrating her vagina; that after plaintiff reported the incident, defendants met at Young's house and conspired to cover up the incident.

On 14 October 1999, before the trial court had ruled on plaintiff's motion for leave to amend, Young filed an answer to the proposed amended complaint, denying the allegations and raising certain defenses. Young's first defense requests the court to dismiss plaintiff's claim against Young for failure to state a claim upon which relief may be granted pursuant to N.C.R. Civ. P. 12(b)(6). On 29 October 1999, Young filed an amendment to her answer adding as a defense that plaintiff's claims were barred by the Statute of Limitations. Following a hearing on Young's motion to dismiss, the trial court entered an order on 23 March 2000 granting Young's motion to dismiss. This order states, in pertinent part:

> After reviewing the Complaint and Amended Complaint and hearing arguments of counsel, it appears to the Court that the Amended Complaint fails to state a claim for which relief can be granted against Defendant Jeannie Young; and, in the alternative, there has been no proper amendment of the Complaint alleging claims against Defendant Jeannie Young; and, in the alternative, any attempt by Plaintiff to seek amendment by the Court would be futile in that the amendment would not relate back to the original filing of the Complaint.

Plaintiff appeals from this order, assigning error to the trial court's conclusions that: (1) plaintiff's amended complaint fails to state a claim against Young upon which relief may be granted; (2) there was no proper amendment of the complaint; and (3) any attempt by plaintiff to seek amendment would be futile because the amendment would not relate back to the filing date of the original complaint.

We note that plaintiff's brief, containing two arguments, fails to comply with Rule 28(b)(5) of the Rules of Appellate Procedure, which requires that "[i]mmediately following each question shall be a refer-

ence to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal." N.C.R. App. P. 28(b)(5). The Rules of Appellate Procedure are mandatory and a failure to follow the rules subjects an appeal to dismissal. *See, e.g., Wiseman v. Wiseman*, 68 N.C. App. 252, 314 S.E.2d 566 (1984). However, in our discretion we deem it appropriate to consider plaintiff's three assignments of error because they correspond to the substance of the arguments in plaintiff's brief, and because we believe it is in the interest of justice to do so. *See* N.C.R. App. P. 2.

[1] Rule 15 of the North Carolina Rules of Civil Procedure provides, in pertinent part:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

N.C.R. Civ. P. 15(a). Here, plaintiff sought "leave of court" to amend her complaint. In its order, the trial court held, in part, that "any attempt by Plaintiff to seek amendment by the Court would be futile in that the amendment would not relate back to the original filing of the Complaint." However, the relation back principle "only applies where the complaint is amended outside the relevant statute of limitations. It need not be considered where a pleading is amended before the statute of limitations expires." *Simpson v. Hatteras Island Gallery Restaurant*, 109 N.C. App. 314, 324, 427 S.E.2d 131, 138, *disc. review denied*, 333 N.C. 792, 431 S.E.2d 27 (1993). Instead, the issue is whether plaintiff filed her motion for leave to amend within the applicable statute of limitations period. "The relevant date for measuring the statute of limitations where an amendment to a pleading is concerned . . . is the date of the *filing of the motion*, not the date the court rules on that motion." *Simpson*, 109 N.C. App. at 325, 427 S.E.2d at 138 (italics in original). Causes of action for emotional distress must be brought within three years from the date on which the action accrues. *See* N.C.G.S. § 1-52(5) (1999); *Russell v. Adams*, 125 N.C. App. 637, 640, 482 S.E.2d 30, 33 (1997). Here, the earliest date on which plaintiff's claim could have accrued is the date of the alleged incident, or mid-September of 1996. *See* N.C.G.S. § 1-52(16) (1999). Even assuming plaintiff's claim did accrue at the earliest possible date, plaintiff's motion for leave to amend, filed 30 August 1999, was

filed prior to the running of the three-year statute of limitations. Thus, the court erred in concluding that any attempt by plaintiff to amend her complaint would have been futile.

[2] We next address the trial court's conclusion that "there has been no proper amendment of the Complaint alleging claims against Defendant Jeannie Young." It appears from the record that the trial court failed to rule on plaintiff's motion for leave to amend. The trial court's decision to rule on Young's motion to dismiss before ruling on plaintiff's motion for leave to amend constitutes reversible error. "The Rules of Civil Procedure achieve their purpose of assuring a speedy trial by providing for and encouraging liberal amendments to the pleadings under Rule 15." *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 714, 220 S.E.2d 806, 809 (1975), *disc. review denied*, 289 N.C. 619, 223 S.E.2d 396 (1976). "Failure to rule on a motion to amend contravenes this purpose by inviting piecemeal litigation and preventing consideration of the merits of the action on all the evidence available." *Carolina Builders v. Gelder & Associates*, 56 N.C. App. 638, 640, 289 S.E.2d 628, 629 (1982). The trial court should have declined to rule on Young's motion to dismiss until after ruling on plaintiff's motion.

[3] We further hold that plaintiff's motion for leave to amend should have been allowed here. As noted above, Rule 15(a) of the Rules of Civil Procedure states that leave to amend pleadings "shall be freely given when justice so requires." Where a plaintiff moves to amend a pleading in order to add a defendant to the lawsuit, there must be a claim asserted against the proposed defendant which "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" underlying the claim asserted against the original defendant. N.C. R. Civ. P. 20(a); *see Coffey v. Coffey*, 94 N.C. App. 717, 721, 381 S.E.2d 467, 470 (1989). In addition, the plaintiff must provide notice of the motion to the existing parties. *See Coffey*, 94 N.C. App. at 721, 381 S.E.2d at 470. These requirements were satisfied here. Even where these requirements are satisfied, however, leave to amend a pleading may be properly denied under certain circumstances, including but not limited to undue delay, bad faith on the part of the movant, or undue prejudice to the opposing party by virtue of allowance of the amendment. *See Public Relations, Inc. v. Enterprises, Inc.*, 36 N.C. App. 673, 678, 245 S.E.2d 782, 785 (1978). Here, we perceive no apparent reason why plaintiff's motion for leave to amend her complaint should be denied, particularly since plaintiff could have filed a separate action against Young and then moved to

consolidate that action with her original suit against McKecuen. Accordingly, we remand for the trial court to enter an order granting plaintiff's motion to amend.

[4] We turn now to the question of whether the trial court erred in determining that "the Amended Complaint fails to state a claim for which relief can be granted against Defendant Jeannie Young." Young asserts as a defense in her answer that plaintiff's complaint fails to state a claim upon which relief may be granted, and that plaintiff's action against Young should therefore be dismissed pursuant to Rule 12(b)(6). "The question presented by a motion to dismiss is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted." *Driver v. Burlington Aviation, Inc.*, 110 N.C. App. 519, 524, 430 S.E.2d 476, 480 (1993). Furthermore, in analyzing the sufficiency of a complaint to withstand a Rule 12(b)(6) motion, the complaint must be liberally construed and should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *See id.*

With respect to Young, plaintiff's amended complaint alleges three causes of action: IIED, NIED, and civil conspiracy to deprive plaintiff of her civil rights as a woman in violation of G.S. § 99D-1. The essential elements of the tort of IIED are (1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another. *See Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981). To state a claim for NIED, a plaintiff must allege (1) negligent conduct on the part of defendants, (2) which defendants should have reasonably foreseen would cause plaintiff severe emotional distress, and (3) that the conduct did actually cause plaintiff to suffer severe emotional distress. *See Andersen v. Baccus*, 335 N.C. 526, 531, 439 S.E.2d 136, 139 (1994). G.S. § 99D-1 provides a civil cause of action where two or more persons, motivated by gender, conspire to interfere with the exercise or enjoyment by any other person of a constitutional right, and where one or more persons engaged in the conspiracy, in order to commit any act in furtherance of the conspiracy, uses force, repeated harassment, violence, physical harm, or threats of physical harm. *See* N.C.G.S. § 99D-1.

The facts alleged in plaintiff's complaint and amended complaint, taken as true, indicate the following: that Young was responsible for mixing the drinks which rendered plaintiff physically helpless; that

Young knew or should have known that plaintiff became physically helpless, and later unconscious, after ingesting the drinks; that Young said to Sanderlin, "It's all yours, Al" and, "I need to know which way you're going on this, because I've got money riding on it"; that Young was present while plaintiff, physically helpless, was stripped naked, filmed, carried to the sofa gasping for air, examined by a paramedic, and removed from the house by Sanderlin; that Young later sought to conceal her involvement in the incident despite knowing that the incident was the subject of a potential criminal investigation; and that after plaintiff reported the incident, Young along with the other two defendants acted upon a common scheme to harass and discredit plaintiff, and to destroy evidence and obstruct justice, in furtherance of the common scheme to interfere with plaintiff's exercise and enjoyment of her civil rights as a woman. Furthermore, plaintiff's amended complaint specifically alleges that defendants' conduct was "committed with reckless disregard," was "intentional," and constituted "extreme and outrageous conduct exceeding all bounds of decency tolerated by society" and was "intended to cause and did cause emotional and mental distress" to plaintiff. Plaintiff also states in her amended complaint that she has suffered extreme emotional distress as a proximate cause of defendants' acts, including anxiety disorder, depression, and post-traumatic stress disorder.

Plaintiff's allegations, taken as true, are sufficient to state claims against Young for IIED, NIED, and a violation of G.S. § 99D-1, and it was error for the trial court to dismiss these claims. The trial court's order dismissing plaintiff's claims as to defendant Young is therefore reversed and we remand for further proceedings.

Reversed.

Judges WYNN and TIMMONS-GOODSON concur.