Sopko v. Stancill, 2015 NCBC 14.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 9047

ROBERT P. SOPKO, D.D.S., Individually
and Derivatively on Behalf of ROBERT J.
STANCILL, D.D.S., M.S. AND ROBERT P.
SOPKO, D.D.S., P.A.
          Plaintiff,

v.

SUSAN A. STANCILL, SHELTON ADCOCK,
LAKE BOONE TRAIL OFFICE CENTER
ASSOCIATES, ROBERT CHANDLER,
ERNIE FAULKNER, JOHN SINNETT, JOHN
KNOX, DOUGLAS CONRAD and JOHN
HITCH,
          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**OPINION AND ORDER**

THIS CAUSE was designated a mandatory complex business case by Order of the

Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-

45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."),

and assigned to the undersigned Special Superior Court Judge for Complex Business Cases.

The matter is before the Court upon Plaintiff Robert P. Sopko, D.D.S.'s Motion to Dismiss

("Motion") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure

("Rule(s)").

THE COURT, having reviewed the Motion, briefs in support of and opposition to the

Motion, and other appropriate matters of record, CONCLUDES that the Motion should be

GRANTED, without prejudice, for the reasons stated herein.

> *Hendren & Malone, LLP, by J. Michael Malone, Esq., for Plaintiff/Counterclaim Defendant.*

> *Smith Moore Leatherwood LLP, by Mark A. Finkelstein, Esq. for Defendant/Counterclaim Plaintiff.*

McGuire, Judge.

PROCEDURAL HISTORY

1.      Plaintiff initiated this lawsuit on July 9, 2014, by filing his Verified

Complaint and Motion for Temporary Restraining Order.[1] The claims arose out of the

demise of a dental practice in which Plaintiff and Defendant Susan A. Stancill's husband,

Dr.  Stancill, were members.  The Verified Complaint contained both individual claims by

Plaintiff Robert P. Sopko, D.D.S., and derivative claims on behalf of Robert J. Stancill,

D.D.S., M.S. and Robert P. Sopko, D.D.S., P.A. ("Practice").

2.      On July 15, 2014, this Court entered a Temporary Restraining Order ("TRO")

prohibiting Defendants[2] from interfering with Plaintiff's access to certain leased space that

the Practice had previously occupied. This Court later declined to convert the TRO into a

preliminary injunction, finding that Plaintiff had failed to prove that the equities weighed

in favor of injunctive relief.[3]

3.      On August 6, 2014, Susan A. Stancill (hereinafter "Stancill") filed her

Amended Answer to Complaint, Defenses and Counterclaims ("Answer and Counterclaim")

on August 6, 2014. Stancill alleged two Counterclaim(s) against Plaintiff: Counterclaim

Count I (Trespass), and Counterclaim Count II (Infliction of Emotional Distress).

4.      In his Motion, Plaintiff moves to dismiss Stancill's Counterclaim for

Intentional Infliction of Emotional Distress.[4]

5.      The Motion has been fully briefed and is ripe for determination.

---

[1] A companion dispute between Plaintiff and Robert J. Stancill, Defendant Stancill's husband, is
pending in Wake County as Wake County No. 14 CVS 5958. The issues in the two actions are
similar.
[2] Plaintiff has since dismissed all of the Defendants other than Stancill, and Plaintiff's only
remaining claims are the claims against Susan A. Stancill. *See* Order Allowing Dismissal of
Derivative Claims (Dec. 31, 2014); Pl.'s Vol. Dismissal of Adcock, Lake Boone, Chandler, Faulkner,
Sinnett, Knox, Conrad, Hitch (Jan. 29, 2015).
[3] Order on Mot. Prelim. Inj., Aug. 1, 2014.
[4] Though the Counterclaim is titled "Infliction of Emotional Distress" and appears to make reference
to both intentional and negligent infliction of emotional distress, the briefs supporting and opposing
the Motion address only the tort of intentional infliction of emotional distress.

FACTUAL BACKGROUND

Among other things, Stancill's Answer and Counterclaim alleges that:

6. Defendant Stancill was the lowest compensated employee of the Practice, a professional association co-owned by her husband, Dr. Robert J. Stancill, and Plaintiff Sopko.[5] The Practice operated out of leased space ("Premises").[6]

7. In April 2014, Defendant Stancill obtained a lease to the Premises in her own name.[7] This lease terminated Plaintiff's legal right to access the Premises.[8] Since that time, Plaintiff entered the Premises on multiple occasions without authorization from Stancill.[9] On these occasions, Sopko did not leave the Premises when asked to do so.[10]

8. Sopko yelled at Stancill while her teenage daughter was present in the Premises.[11]

9. Sopko instigated a fraud investigation against Stancill and her husband. Though this investigation revealed financial improprieties caused by Sopko, not the Stancills, Sopko feigned ignorance of these improprieties.[12]

10. Sopko knew that his behavior would cause Stancill severe emotional distress, in part because his behavior had already caused Stancill's husband to reduce the amount of work that he performed in the vicinity of Sopko.[13]

11. Sopko's behavior caused Stancill to experience severe emotional distress.[14]

---

[5] Ans. ¶ 3.
[6] Ans. ¶ 25.
[7] Countercl. ¶ 2.
[8] *See* Ans. ¶¶ 29, 53.
[9] Countercl. ¶ 4.
[10] Countercl. ¶ 6.
[11] *Id.* ¶ 9.
[12] *Id.* ¶ 9.
[13] *Id.* ¶ 10.
[14] *Id.* ¶ 13.

DISCUSSION

12. Plaintiff has moved to dismiss Stancill's Counterclaim for intentional infliction of emotional distress pursuant to Rule 12(b)(6). In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim, the court treats the well-pleaded allegations of the complaint as true and admitted. However, conclusions of law or unwarranted deductions of fact are not deemed admitted. *Sutton v. Duke*, 277 N.C. 94, 98 (1970). The court views the allegations in the light most favorable to the nonmovant. *Ford v. Peaches Entertainment Corp.*, 83 N.C. App. 155, 156 (1986). A claim should not be dismissed under Rule 12(b)(6) unless it "affirmatively appears that [claimaint] is entitled to no relief under any state of facts which could be presented in support of the claim." *Ladd v. Estate of Kellenberger* ,314 N.C. 477, 481 (1985) (quoting *Presnell v. Pell*, 298 N.C. 715, 719 (1979)).

13. Stancill's Counterclaim alleges that Plaintiff, by his conduct, both intentionally and negligently caused her severe emotional distress.[15] Generally, the same alleged conduct cannot form the basis of a claim for both intentional and negligent infliction of emotional distress. *See Barbier v. Durham Cnty. Bd. of Educ.*, 225 F. Supp. 2d 617, 631 (M.D.N.C. 2002). Nevertheless, and although Plaintiff appears to seek dismissal of the Counterclaim only insofar as it alleges intentional infliction of emotional distress,[16] the Court will review the allegations in the entirety of Counterclaim II in ruling on the Motion.

14. To state a claim for intentional infliction of emotional distress, a claimant must allege that the adverse party 1) intentionally or recklessly engaged in extreme and outrageous conduct that was 2) intended to cause and did cause 3) severe emotional distress. *Dickens v. Puryear,* 302 N.C. 437, 453(1981); *Wilson v. Pearce*, 105 N.C. App. 107,

[15] Countercl. ¶¶ 9-10, 12.
[16] Br. Supp. Mot. Dismiss 1 ("Specifically, Plaintiff requests that this Court dismiss Count II of Defendant Susan A. Stancill's Counterclaim which seeks relief for Intentional Infliction of Emotional Distress").

115 (1992). A claim for negligent infliction of emotional distress requires a party to allege 1) the defendant negligently engaged in conduct 2) that could foreseeably cause the party severe emotional distress, and 3) the conduct did, in fact, cause severe emotional distress. *Best v. Duke Univ.*, 337 N.C. 742, 752 (1994); *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304 (1990). As will be discussed below, both claims require allegations of "severe emotional distress," and this element, if lacking, is thus fatal to both types of claims.

15. The Court finds that Stancill's Counterclaims fail to properly allege the "extreme and outrageous conduct" necessary to support a claim for intentional infliction of emotional distress and the "severe emotional distress" necessary to both intentional and negligent infliction claims. The Court will discuss each of these elements in turn.

Extreme and Outrageous Conduct

16. Whether conduct is "extreme and outrageous" is a question of law for the court. *Johnson v. Bollinger*, 86 N.C. App. 1, 6 (1987). "To establish a claim for intentional infliction of emotional distress, a party must show that a defendant's conduct exceeds all bounds of decency tolerated by a society and the conduct causes mental distress of a very serious kind." *Wilson*, 105 N.C. App. at 115 (internal citations omitted). However, "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" will not be found to constitute extreme and outrageous conduct. *Johnson v. Bollinger*, 86 N.C. App. at 6 (quoting *Briggs v. Rosenthal*, 73 N.C. App. 672, 676 (1985)). Stancill alleges that Plaintiff repeatedly entered the Premises even after he no longer had a legal right to do so and that he refused her instructions to leave; that Plaintiff yelled at Defendant while her teenage daughter was present; and that Plaintiff improperly initiated a fraud investigation against Defendant and her husband. [17]

---

[17] Defendant urges the Court to take note of the exact words spoken by Plaintiff to Stancill's daughter, and other facts that are not alleged in the Counterclaims but contained in Plaintiff's brief.

17.     These allegations describe conduct that, at most, might be characterized as offensive, irritating or rude behavior. The conduct, however, falls short of the type of conduct North Carolina courts have required in order to state a claim for intentional infliction of severe emotional distress. *See* North Carolina Law of Torts (Bender) § 5.30[1] (4th ed. 2014). Without more, the Court finds that the allegations are insufficient to survive a motion to dismiss this claim.

Severe Emotional Distress

18.     Claims for intentional and negligent infliction of emotional distress both require that the claimant allege that she has suffered severe emotional distress. *See, e.g.*, *Waddle v. Sparks*, 331 N.C. 73, 83 (1992).  The courts of this State have held that severe emotional distress "means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of *severe and disabling* emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Id.*; *Johnson v. Ruark Obstetrics*, 327 N.C. at 304.  Allegations that fail to identify a recognized and diagnosable mental or emotional disorder are not sufficient. *See Pierce v. Atl. Group, Inc.*, 219 N.C. App. 19, 32-33 (2012) (finding that an allegation of "serious on and off the job stress, severely affecting his relationship with his wife and family members" was insufficient to allege a claim for infliction of emotional distress); *cf. Zenobile v. McKecuen*, 144 N.C. App. 104, 111 (2001) (reversing dismissal of a plaintiff's claim for infliction of emotional distress when she alleged that she suffered extreme emotional distress consisting of "anxiety disorder, depression, and post-traumatic stress disorder").

---

*See* Def. Stancill's Brief Opp. Pl.'s Mot. Dismiss Pursuant to Rule 12(b)(6) at 4-5. In reviewing a Rule 12(b)(6) Motion, the Court reviews only the Complaint. *See* Sutton v. Duke, 277 N.C. 94 (1970).

19.     In her Counterclaims, Stancill merely alleges that she suffered "severe mental anguish" and "severe emotional distress."[18]  Stancill does not allege any specific manifestations of this distress or anguish, let alone a recognized and diagnosable mental or emotional injury.  Accordingly, Stancill has failed to allege a necessary element of claims for both intentional and negligent infliction of emotional distress as recognized by North Carolina law, and both Counterclaims should be dismissed.

CONCLUSION

20.     Based upon the foregoing, the Court concludes that Defendant has failed to state a claim upon which relief can be granted for intentional infliction of emotional distress or for negligent infliction of emotional distress.  Accordingly, Stancill's Counterclaim Count II for Infliction of Emotional Distress is DISMISSED without prejudice.

SO ORDERED, this the 10th day of February, 2015.

---

[18] Countercl. ¶¶ 6, 10, 12, 13.