Insight Health Corp. v. Marquis Diagnostic Imaging of NC, LLC, 2015 NCBC 50.

STATE OF NORTH CAROLINA

BUNCOMBE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 1783

INSIGHT HEALTH CORP. d/b/a
INSIGHT IMAGING,

        Plaintiff,

v.

MARQUIS DIAGNOSTIC IMAGING OF
NORTH CAROLINA, LLC; MARQUIS
DIAGNOSTIC IMAGING, LLC; JOHN
KENNETH LUKE; GENE VENESKY;
and TOM GENTRY,

        Defendants.

ORDER & OPINION ON DEFENDANT
MARQUIS DIAGNOSTIC IMAGING,
LLC'S AMENDED MOTION TO
DISMISS PLAINTIFF'S AMENDED
COMPLAINT

{1}     **THIS MATTER** is before the Court upon Defendant Marquis Diagnostic Imaging, LLC's ("MDI of Georgia") Amended Motion to Dismiss Plaintiff Insight Health Corp. d/b/a Insight Imaging's ("Plaintiff" or "Insight") Amended Complaint ("Amended Motion to Dismiss" or "Motion") in the above-captioned case.

{2}     The Motion requires the Court to determine whether, for statute of limitations purposes, the date a new party defendant is added to a lawsuit occurs when the plaintiff files a motion to amend its complaint (as Plaintiff argues) or when the amended complaint is actually filed or a new summons is issued to the new defendant (as MDI of Georgia contends).

{3}     Having considered MDI of Georgia's Motion, the briefs in support of and in opposition to the Motion, and the applicable law, the Court hereby **DENIES** the Motion.[1]

> *Smith Moore Leatherwood, LLP, by Marcus C. Hewitt and Jeffrey R. Whitley, for Plaintiff Insight Health Corp. d/b/a Insight Imaging.*
>
> *Roberts & Stevens, P.A., by Ann-Patton Hornthal, Wyatt S. Stevens, Stephen L. Cash, and John D. Noor, for Defendants Marquis Diagnostic Imaging of*

---

[1] The Court elects to decide the Motion without a hearing pursuant to North Carolina Business Court Rule 15.4.

*North Carolina, LLC, Marquis Diagnostic Imaging, LLC, John Kenneth Luke, Gene Venesky, and Tom Gentry.*

Bledsoe, Judge.

I.

PROCEDURAL HISTORY AND FACTUAL BACKGROUND

{4}     The Court does not make findings of fact in ruling on motions to dismiss, "as such motions do 'not present the merits, but only [determine] whether the merits may be reached.'" *Out of the Box Developers, LLC v. LogicBit Corp.*, 2012 NCBC 53 ¶ 9 (N.C. Super. Ct. Oct. 30, 2012), http://www.ncbusinesscourt.net/opinions/2012_NCBC_53.pdf (brackets in original) (quoting *Concrete Serv. Corp. v. Investors Grp., Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758 (1986)). The Court recites herein the allegations set forth in Plaintiff's Amended Complaint that are relevant for purposes of resolving the present Motion.

{5}     Plaintiff's claims in this action arise out of the alleged breach of a lease agreement between Plaintiff and Marquis Diagnostic Imaging of North Carolina, LLC ("MDI-NC") (the "Agreement") under which Plaintiff agreed to provide a magnetic resonance imaging ("MRI") scanner, as well as a "qualified technologist" to operate the MRI scanner, to MDI-NC in exchange for monthly payments in accordance with the payment schedule set forth in the Agreement. (Am. Compl. ¶¶ 13–18.)

{6}     Plaintiff commenced this action on April 25, 2014 against Defendants MDI-NC, John Kenneth Luke ("Luke"), Gene Venesky ("Venesky"), and Tom Gentry ("Gentry") (collectively, "original Defendants"), alleging claims for breach of contract, fraudulent transfer under N.C. Gen. Stat. § 39-23 et seq., unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 et seq., wrongful distribution and personal liability under N.C. Gen. Stat. § 57C-4-06, piercing the corporate veil, breach of fiduciary duty, and constructive fraud.

{7}     After conducting initial discovery, Plaintiff filed a Motion for Leave to Amend Complaint and Add Additional Party ("Motion to Amend") on August 28,

2014, seeking to add MDI of Georgia as a party defendant. Plaintiff contended in its motion papers that it had learned in discovery that MDI of Georgia "is an intermediate entity through which Defendants Venesky and Luke own 100% of [MDI-NC]," and that MDI of Georgia "dominated and controlled the finances and management of [MDI-NC] such that [MDI-NC] had no independent identity." (Mot. Am. Compl. ¶¶ 6, 7.) Plaintiff attached a proposed Amended Complaint as an exhibit to its Motion to Amend ("proposed Amended Complaint") and served the Motion to Amend and proposed Amended Complaint on each of the original Defendants.

{8} On September 17, 2014, the original Defendants responded by requesting that the Court delay a ruling on Insight's Motion to Amend until the Court ruled on Gentry and Venesky's Motions to Dismiss, or, in the alternative, deny Insight's Motion to Amend. (Orig. Defs.' Resp. Opp. Mot. Am. Compl., p. 3.) On December 3, 2014, the Court held a hearing on Insight's Motion to Amend. On December 4, 2014, the Court entered an Order granting the Motion to Amend, and on that same day, Insight filed its Amended Complaint.

{9} Two months later, on February 10, 2015, MDI of Georgia filed its Amended Motion to Dismiss, contending that Plaintiff's direct claim against MDI of Georgia for an allegedly fraudulent insider transfer ("fraudulent insider transfer claim") is barred by the applicable one-year statute of limitations. (MDI of Ga.'s Br. Supp. Am. Mot. Dismiss, p. 3.)

{10} The Amended Motion to Dismiss is ripe for resolution.

II.

ANALYSIS

A.    Legal Standard

{11} The overarching question for the Court on a motion to dismiss under N.C. R. Civ. P. Rule 12(b)(6) is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987) (citing *Stanback v.*

*Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979)). Furthermore, "[t]he complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." *Block v. Cnty. of Person,* 141 N.C. App. 273, 277–78, 540 S.E.2d 415, 419 (2000) (citation omitted). Factual allegations must be accepted as true; however, bare legal conclusions "are not entitled to a presumption of truth." *Miller v. Rose*, 138 N.C. App. 582, 592, 532 S.E.2d 228, 235 (2000) (citations omitted). Dismissal "is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Wood v. Guilford Cnty.,* 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citation omitted).

B.    Statute of Limitations

{12}    As an initial matter, the parties agree, and the Court concurs, that regardless of the substantive law governing Plaintiff's fraudulent insider transfer claim against MDI of Georgia, Plaintiff's claim is governed by a one-year statute of limitations.[2]

{13}    MDI of Georgia argues that (i) it was not a party defendant to Plaintiff's original Complaint; (ii) Plaintiff's Amended Complaint asserts allegations and

---

[2]  Our courts have held that "[u]nder North Carolina choice of law rules, we apply the substantive law of the state where the cause of action accrued and the procedural rules of North Carolina." *Stokes v. Wilson & Redding Law Firm*, 72 N.C. App. 107, 112–13, 323 S.E.2d 470, 475 (1984) (citations omitted); *see, e.g.*, *Boudreau v. Baughman*, 322 N.C. 331, 335, 368 S.E.2d 849, 853–54 (1988) (under North Carolina law, "remedial or procedural rights are determined by *lex fori*, the law of the forum" (citation omitted)). Because Georgia, Texas, and North Carolina each consider statutes of limitations to be procedural, *see Lloyd v. Prudential Sec.*, 438 S.E.2d 703, 704 (Ga. Ct. App. 1993); *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 356 n.11 (Tex. 1992); *Christie v. Hartley Constr., Inc.*, 367 N.C. 534, 538, 766 S.E.2d 283, 286 (2014), North Carolina law, as the law of the forum, supplies the applicable statute of limitations for Plaintiff's fraudulent insider transfer claim, regardless of the substantive law governing Plaintiff's claim. As a result, the Court concludes that Plaintiff's claim is subject to a one-year statute of limitations. *See* N.C. Gen. Stat. § 39-23.9(3) (2014) ("A cause of action with respect to a fraudulent or voidable transfer under this Article is extinguished unless action is brought, [for fraudulent transfer to an insider], within one year after the transfer was made or the obligation was incurred"). In light of the foregoing, the Court declines to determine the substantive law governing Plaintiff's claim at this time.

claims against it for the first time; (iii) Plaintiff's fraudulent insider transfer claim against it is based on allegedly fraudulent insider transfers that occurred on or about November 15, 2013; (iv) Plaintiff's Amended Complaint was filed on December 4, 2014, more than one year after the allegedly fraudulent insider transfers occurred; and (v) it "did not become a party in this lawsuit until, at the earliest, the issuance of a summons on December 17, 2014, which was after the statute of limitations on the direct insider transfer claim expired." (MDI of Ga.'s Br. Supp. Am. Mot. Dismiss, p. 5 (citing Am. Compl. ¶¶ 30, 46, 71, 72); MDI of Ga.'s Reply Supp. Am. Mot. Dismiss, p. 5.)

{14} MDI of Georgia's argument, however, is contrary to North Carolina law. Indeed, in *Zenobile v. McKecuen*, 144 N.C. App. 104, 108, 548 S.E.2d 756, 758, *disc. rev. denied*, 354 N.C. 75, 553 S.E.2d 214 (2001), the Court of Appeals held that, for statute of limitations purposes, the date a new party defendant is added to a lawsuit is when the moving party files a motion to amend, as Plaintiff urges here, not when the amended complaint is actually filed. In that case, the plaintiff sought leave of court, prior to the expiration of the limitations period, to amend her complaint to add two additional defendants, two additional claims, and additional factual allegations. *Id.* at 106, 548 S.E.2d at 757. Without deciding plaintiff's motion to amend, the trial court granted a motion to dismiss the not-yet-filed proposed amended complaint by one of the not-yet-added defendants. The court found, in part, that plaintiff's amendment to add the additional defendant would be futile because plaintiff's claims were time-barred by the relevant statute of limitations since the trial court's decision was after the expiration of the limitations period and plaintiff's claims would not relate back to the original filing of the complaint. *Id.* at 107, 548 S.E.2d at 758. In reversing the trial court's order, the Court of Appeals held that plaintiff's motion for leave to amend the complaint to add the additional defendant should have been allowed. *Id.* at 109, 548 S.E.2d at 759. The Court explained:

> [T]he relation back principle only applies where the complaint is amended outside the relevant statute of limitations. It need not be

considered where a pleading is amended before the statute of limitations expires. Instead, the issue is whether plaintiff filed her motion for leave to amend within the applicable statute of limitations period. The relevant date for measuring the statute of limitations where an amendment to a pleading is concerned . . . is the date of the *filing of the motion*, not the date the court rules on that motion.

*Id.* at 108, 548 S.E.2d 759 (internal quotations and citations omitted) (italics and alteration in original). *See also Mauney v. Morris*, 316 N.C. 67, 71–72, 340 S.E.2d 397, 400 (1986) (holding that "[t]he date of the filing of the motion [to amend the complaint to add a new claim], rather than the date the court rules on it, is the crucial date in measuring the period of limitations. The timely filing of the motion to amend [the complaint], if later allowed, is sufficient to start the action within the period of limitations."); *Simpson v. Hatteras Island Gallery Rest., Inc.*, 109 N.C. App. 314, 325, 427 S.E.2d 131, 138 (1993) ("The relevant date for measuring the statute of limitations where an amendment to a pleading is concerned, however, is the date of the *filing of the motion*, not the date the court rules on that motion.") (emphasis in original) (citation omitted)).

{15}     The cases on which MDI of Georgia principally relies — *Seagle v. Cross*, 2009 N.C. App. LEXIS 1119 (N.C. Ct. App. July 7, 2009) (unpublished) and *Crossman v. Moore*, 341 N.C. 185, 459 S.E.2d 715 (1995) — concern whether an amended complaint relates back to the filing of the original complaint under N.C. R. Civ. P. 15(c) — an issue *Mauney* and *Zenobile* instruct is irrelevant where, as here, the motion to amend is filed within the limitations period — and thus do not compel a different result. *See, e.g., Mauney*, 316 N.C. 71–72, 340 S.E.2d at 400 (holding that whether the amended complaint would "relate back" to the filing of the original complaint was "immaterial" because the statute of limitations had not run before the motion to amend was filed). Moreover, in *Seagle*, a decision MDI of Georgia quotes at length in its Reply Brief, the Court of Appeals identified the relevant dates for its statute of limitations analysis as the date the injury

occurred and the date "Plaintiff's amendment motion was filed," *Seagle*, 2009 N.C. App. LEXIS 1119 at *31, following precisely the analysis directed by *Zenobile* and *Mauney*.

{16}    Accordingly, applying *Zenobile* and *Mauney* to the facts of this case, the Court finds that Plaintiff filed its Motion to Amend Complaint, and thus commenced its claim for fraudulent insider transfer against MDI of Georgia, within the applicable one-year statute of limitations.  As a result, the Court concludes that MDI of Georgia's Amended Motion to Dismiss should be denied.[3]

{17}    **WHEREFORE**, the Court hereby **DENIES** MDI of Georgia's Amended Motion to Dismiss.

        **SO ORDERED**, this the 21st day of May 2015.


                                        /s/ Louis A. Bledsoe, III
                                        Louis A. Bledsoe, III
                                        Special Superior Court Judge
                                         for Complex Business Cases

---

[3] Under North Carolina law, where, as here, a plaintiff moves to amend a complaint to add a defendant to the lawsuit, there must be a claim asserted against the proposed defendant which "arises out of the same transaction, occurrence, or series of transactions or occurrences" underlying the claim asserted against the original defendant. *See* N.C.R. Civ. P. 20(a); *Coffey v. Coffey*, 94 N.C. App. 717, 721, 381 S.E.2d 467, 470 (1989); *Zenobile,* 144 N.C. App. at 109, 548 S.E.2d at 759.  In addition, the plaintiff must provide notice of the motion to the existing parties. *See Coffey*, 94 N.C. App. at 721, 381 S.E.2d at 470; *Pask v. Corbitt*, 28 N.C. App. 100, 103, 220 S.E.2d 378, 381 (1975) ("Long prior to the adoption of G.S. 1A-1, Rule 21, North Carolina has held that existing parties to a lawsuit are entitled to notice of a motion to bring in additional parties.")  Defendants do not challenge Plaintiff's Motion to Amend Complaint because of an alleged failure to meet either of these conditions, and based on its review of the Amended Complaint, the Court concludes that these requirements are satisfied here.

In addition, Plaintiff argues that because MDI of Georgia is an alter-ego of MDI-NC, the statute of limitations was tolled by the filing of the original Complaint. (Pl.'s Resp. Opp. Am. Mot. Dismiss, p. 3.)  In light of the Court's resolution of the Motion, the Court declines to consider Plaintiff's argument.