IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-843

No. COA22-455

Filed 20 December 2022

Orange County, No. 21 CVS 22

STERGIOS MOSCHOS

v.

SUSAN MOSCHOS

Appeal by Plaintiff from order entered 11 January 2022 by Judge Richard Allen Baddour, Jr., in Orange County Superior Court. Heard in the Court of Appeals 16 November 2022.

*Law Offices of Hayes Hofler, P.A., by R. Hayes Hofler, III, for Plaintiff-Appellant.*

*Coleman, Gledhill, Hargrave, Merritt, & Rainsford, P.C., by James Rainford, for Defendant-Appellee.*

COLLINS, Judge.

¶ 1    Plaintiff Stergios Moschos appeals from the trial court's order dismissing his claims against Defendant Susan Moschos for breach of fiduciary duty, fraud, and misappropriation of marital assets under Rules of Civil Procedure 12(b)(1) and 12(b)(6), and his claim for intentional infliction of emotional distress under Rule 12(b)(6). Plaintiff has abandoned his argument that the trial court erred by dismissing his claims under Rule 12(b)(1), and the trial court did not err by granting

Defendant's motion to dismiss Plaintiff's intentional infliction of emotion distress claim under Rule 12(b)(6). Accordingly, we affirm the trial court's order.

## I. Procedural History and Factual Background

Soon after Plaintiff and Defendant were married in 2006, they opened a joint bank account and agreed that Defendant would pay the parties' expenses from the joint account. The parties began depositing their employment income into the joint account, and Defendant paid the couple's expenses from the account. In May 2016, after accepting a new job, Defendant opened and began depositing her paychecks into a separate bank account. At the time of separation, the bank account had a balance of $60,262.

In the fall of 2018, after Defendant continuously expressed dissatisfaction in their marriage, Plaintiff proposed they rehabilitate their marriage by starting new careers in a warmer location. In early 2019, Plaintiff accepted a job interview in Tampa, Florida, and he was invited for a second round of interviews scheduled for 30 April 2019.

On 22 April 2019, Defendant texted Plaintiff, "I am very sorry but our marriage is not working for me any longer. I am moving out. I left you a letter. . . ." Defendant left a one-page typed letter, which stated in part:

> I do NOT want to fight with you. We can smoothly separate
> if we are both reasonable. I would be fine with splitting
> our savings and if you are respectful toward me (e.g. not

> screaming, swearing, name calling), I will not ask for
> alimony or half your retirement. Condo in Boston is totally
> yours. I see no need to get attorneys – we can both be
> respectful and peaceful, even if we are both hurting.
>
> . . . I will file separation paperwork, and, in a year, we can
> divorce. North Carolina is a no-fault state, so we really
> don't need to go to court (it would only end in my benefit).
> I will get the accounts changed so I won't have access to
> your paycheck. I will continue to get mail but leave yours
> in the box until my address is changed.
>
> . . . .
>
> I have considered this at length, for a long time and
> honestly don't believe we can be a loving couple again. I
> thank you for the many good years we had together. . . .

¶ 5 The parties agreed that Defendant would relinquish control of their joint account into which Plaintiff had deposited his income during their 13 years of marriage. Before relinquishing control of the account, Defendant withdrew $55,000 one month prior to their separation; paid a deposit for a new apartment the day after she left him; and withdrew approximately $6,690 to lower the balance remaining on her student loan. When Plaintiff discovered that Defendant had withdrawn $55,000 from their joint account,

> he texted to her his frustration and remorse that he had
> trusted her with managing the financial accounts. She
> texted him back: "Do you know how lucky you are in [my]
> not getting alimony and half you(*sic*) retirement. No more
> comments about finances." When he texted her, "Yes, I am
> lucky that you are reasonable," she responded, "All good."

On 27 April 2019, Defendant texted Plaintiff that she would complete the separation

agreement which would memorialize her promise not to pursue him for alimony and half his retirement. Several days later, Defendant texted Plaintiff and said,

> So, bad news. My attorney said I'm stupid not to take a settlement, especially since I followed your career. I'm willing to be fair and still don't want alimony. Do you want me to draw up a proposal or would you like to have your attorney do so?

When Plaintiff responded that he would like to draw up a proposal consistent with her previous promise not to pursue him for alimony and half his retirement, she responded:

> F**k off, dude. You're getting off easy and you have plenty of earning potential. This can be cheap and easy or long and expensive. I didn't realize how foolish I was being until everybody told me so I have absolutely every right to alimony as well so you're better off just to suck it up and move on. You have 500k in retirement. I'll take 300k if we go to a mediator, write it up, and settle fast.

Defendant filed an action for absolute divorce a year after their separation, which was granted. Defendant also filed an action for equitable distribution, seeking over half of Plaintiff's retirement assets.

¶ 6    On 8 January 2021, Plaintiff sued for breach of fiduciary duty, fraud, defamation, intentional infliction of emotional distress, and misappropriation of marital funds. Defendant moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of Civil Procedure. Plaintiff later voluntarily dismissed his defamation claim. After a hearing, the trial court granted Defendant's motions to dismiss the

remaining claims.

## II.    Discussion

¶ 7        Plaintiff asserts that "[t]he trial court erred in granting Defendant's motions to dismiss the complaint" and recites the applicable standard of review of an order granting a motion to dismiss under Rules 12(b)(1) and 12(b)(6).  However, Plaintiff states no reason or argument, and cites no legal authority, in support of his assertion that the trial court erred by dismissing the breach of fiduciary duty, fraud, and misappropriation of marital funds claims under Rule 12(b)(1).  Accordingly, any challenge to the trial court's dismissal of those claims under Rule 12(b)(1) is deemed abandoned.  *See* N.C. R. App. P. 28(a) (2022); N.C. R. App. P. 28(b)(6) (2022).  The trial court's order dismissing the breach of fiduciary duty, fraud, and misappropriation of marital funds claims under Rule 12(b)(1) is thus affirmed, and we need not address Plaintiff's argument that the trial court erred by dismissing those claims under Rule 12(b)(6).

¶ 8        As the trial court did not dismiss the intentional infliction of emotional distress claim under Rule 12(b)(1), we address Plaintiff's argument that the trial court erred by dismissing that claim under Rule 12(b)(6).

¶ 9        In ruling on a motion to dismiss for failure to state a claim, the allegations of fact are taken as true.  *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 351, 416 S.E.2d 166, 168 (1992).  Dismissal is proper when (1) the complaint on its face reveals that

no law supports plaintiff's claim, (2) the complaint reveals on its face that some fact essential to plaintiff's claim is missing, and (3) when some fact disclosed in the complaint defeats the plaintiff's claim. *Schloss Outdoor Advert. Co. v. City of Charlotte*, 50 N.C. App. 150, 152, 272 S.E.2d 920, 922 (1980). We review an order allowing a motion to dismiss for failure to state a claim upon which relief can be granted de novo. *Halterman v. Halterman*, 276 N.C. App. 66, 2021-NCCOA-38, ¶ 10.

¶ 10 "To state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) extreme and outrageous conduct (2) which is intended to cause and does cause (3) severe emotional distress to another." *Clark v. Clark*, 280 N.C. App. 403, 2021-NCCOA-653, ¶ 37 (internal quotation marks and citation omitted). "Extreme and outrageous conduct is defined as conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Norton v. Scotland Mem'l Hosp., Inc.*, 250 N.C. App. 392, 397, 793 S.E.2d 703, 708 (2016) (internal quotation marks and citation omitted).

¶ 11 Severe emotional distress has been defined as "any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990). Allegations that fail

to identify a severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so are not sufficient. *See Pierce v. Atl. Grp., Inc.*, 219 N.C. App. 19, 32, 724 S.E.2d 568, 577 (2012) (concluding plaintiff's allegation of "serious on and off the job stress, severely affecting his relationship with his wife and family members" was insufficient to allege severe emotional distress in the context of a claim for negligent or intentional infliction of emotional distress); *cf. Zenobile v. McKecuen*, 144 N.C. App. 104, 111, 548 S.E.2d 756, 760 (2001) (reversing dismissal of plaintiff's claim for negligent and intentional infliction of emotional distress where she alleged extreme emotional distress consisting of "anxiety disorder, depression, and post-traumatic stress disorder"). Moreover, without factual allegations regarding the type, manner, or degree of severe emotional distress a plaintiff claims to have experienced, a plaintiff's complaint fails to sufficiently allege severe emotional distress. *Cauley v. Bean*, 282 N.C. App. 443, 2022-NCCOA-202, ¶¶ 21-22, *disc. review denied*, 871 S.E.2d 281 (2022) (affirming dismissal of negligent infliction of emotional distress claim where "[t]he only allegations in Plaintiff's complaint regarding her emotional distress are that Defendant's actions 'proximately caused the negligent infliction of emotional distress of [P]laintiff' and that '[P]laintiff suffered severe emotional distress'").

¶ 12      Here, Plaintiff alleges that he suffered severe emotional distress from Defendant's "sudden abandonment" of him. In support of this contention, Plaintiff

alleges that he was "stunned[,] . . . utterly distraught[,] . . . and had to undertake psychological treatment as a result of [Defendant]'s conduct." These allegations fail to identify a severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so, and fail to allege sufficient facts concerning the type, manner, or degree of severe emotional distress Plaintiff claims to have experienced. Accordingly, Plaintiff failed to allege that he suffered severe emotional distress due to Defendant's conduct. As Plaintiff fails to allege a necessary element of intentional infliction of emotional distress, this claim was properly dismissed under Rule 12(b)(6).

## III.    Conclusion

Plaintiff abandoned any argument that the trial court erred by dismissing the breach of fiduciary duty, fraud, and misappropriation of marital assets claims under Rule 12(b)(1). Plaintiff failed to state a claim for intentional infliction of emotional distress, and the trial court did not err by dismissing that claim under Rule 12(b)(6). Accordingly, the trial court's order is affirmed.

AFFIRMED.

Judges DIETZ and MURPHY concur.